GEORGE EMERSON AND JAMES SAWYER v. THE TOWNSHIP OF WALKER AND JOHN KINNEY, TOWNSHIP TREASURER.

| 63 | 483 |
| 63 | 519 |
| 64 | 590 |
| 63 | 483 |
| 82 | 447 |

*Equity—Bill to enjoin collection of drain tax—Demurrer—Interest of township.*

1. Complainants filed a bill to restrain a town treasurer from collecting a drain tax, alleging its illegality, and prayed process against the township as a joint defendant. No relief was asked for against the township, nor was its interest in the subject-matter of the suit shown by the bill.

*Held*, that the bill was properly dismissed, as to the township, on general demurrer for want of equity.

2. A township is not an agency under the statute (Laws of 1881, p. 367) to *originate* proceedings to lay out a drain, or levy the tax or enforce its collection; and the money, when collected, does not belong to the township, neither can it make nor discharge the lien created by the statute upon lands upon which drain taxes are levied.

Appeal from Kent. (Montgomery, J.) Argued October 20, 1886. Decided November 4, 1886.

Bill to enjoin the collection of a drain tax. Complainants appeal. Decree affirmed. The facts are stated in the opinion.

*Smedley & Irwin* (*E. F. Sawyer*, of counsel), for complainants:

The township is interested in these drain proceedings: *Township of Whiteford v. Probate Judge*, 53 Mich. 134; and should be made a party, for the cloud on complainants' lands would not be removed by enjoining the action of the treasurer: *Thomas v. Gain*, 35 Mich. 165. See, also, *Scofield v. Lansing*, 17 Mich. 437; *Folkerts v. Power*, 42 Id. 288; *Adams v. Auditor General*, 43 Id. 454.

*Maher & Felker*, for defendant township:

The suit is not maintainable against the township: *Daw-*

*son v. Township of Aurelius,* 49 Mich. 479; *Camp v. Township of Algansee,* 50 Id. 4; *Wallace v. Sortor,* 52 Id. 159.

CHAMPLIN, J.   The bill of complaint in this cause was filed for the purpose of enjoining the defendant Kinney from collecting certain drain taxes assessed to defray the expense of constructing a drain in the township of Walker.

The drain was laid out by the township drain commissioner in October, 1884, and the supervisor spread the tax upon his roll for collection in December following.

The bill sets forth certain alleged irregularities, which the complainants allege rendered the proceedings absolutely null and void, and they pray that the—

"So-called drain tax upon said land may be declared to be null and void, and that said John Kinney, township treasurer of said township of Walker, may be enjoined and restrained by the order and injunction of the court from collecting said drain taxes, and from returning the same to the county treasurer of said county; and for such other or such further relief in the premises as shall be agreeable to equity and good conscience."

The bill then prays for process against the said John Kinney, township treasurer of the township of Walker, and also against the township of Walker, requiring them to answer.

The township of Walker demurred to the bill for want of equity, which was sustained in the court below, and the complainants appeal.

There is no statement or allegation in the bill of complaint showing that the township of Walker has any interest in the proceedings whatever.   It does not assert any right to enforce the tax; neither is it an agency under the statute to originate proceedings to lay out the drain, or levy the tax or enforce its collection.   The moneys, when collected, do not belong to the township.   Neither is the township the custodian of the moneys when collected.   The township neither makes, nor can it discharge, the lien created by the statute upon lands upon which drain taxes are levied.   Moreover, no

relief is prayed against the township in the bill of complaint, and no case is made by the bill which would authorize any relief under the prayer for general relief.

It follows that the bill of complaint should be dismissed as against the defendant the township of Walker, and the decree of the circuit court is affirmed, with costs.

The other Justices concurred.