SETH BARKER ET AL. v. THE TOWNSHIP OF VERNON ET AL.

*Township drains—Bill to set aside drain tax—Insufficiency of averments—Joinder of parties.*

1. The propriety of having an *existing* drain *cleared* out does not necessarily need to be determined by commissioners or juries, unless involving more than cleansing.

2. While the statute (How. Stat. §§ 1719, 1732) provides that the rules applicable to *making* drains shall apply to *some* cases of improving them, it is only where there is a "proceeding affecting the rights of persons or property."

3. Where a drain has once been *legally* made, there is at least a presumption that, if necessary at all, it should be kept in reasonable order; and that usually the points in which contributing parties are interested are in the amount of *entire* cost, and the ratio of assessment among the contributors.

4. The averment that a certain drain was never done "according to any legal form or rule" is not an averment of fact that presents a tangible issue.

5. A bill filed to set aside a drain tax should, in its body or by exhibits, put the court in a position to determine the precise injury complained of.

6. Where land-owners fail to pay a drain tax under protest, or seek its avoidance by timely application to appellate proceedings, but wait until the several taxes have become charged, and offered for sale against their *specific* lands, they have put themselves in a position where they must make out very strong equities of a substantial character, as a common *grievance.*

7. A township has no interest in litigation launched to set aside a drain tax, and should not be joined as a defendant.

8. Several land-owners cannot join in a bill to set aside drain taxes levied on their several lands, after the charges have assumed a new shape, as *individual* assessments on the county roll for sale, where there is nothing to show their relative positions.

9. The doctrine that parties may *join* who are similarly injured by *one* act, operating on all precisely alike, cannot be safely extended to cases not within its scope. If they are not affected in

all things alike, they must sue *severally*, or not at all, and *each* must have a grievance which equity can redress.

Appeal from Shiawassee. (Newton, J.) Argued October 28, 1886. Decided November 4, 1886.

Bill to set aside drain tax. Complainants appeal. Decree dismissing bill affirmed. The facts are stated in the opinion.

*Matthew Bush, Jr.* (*G. R. Lyon*, of counsel), for complainants.

CAMPBELL, C. J. Complainants, as severally and not jointly aggrieved, filed their bill in the circuit court for the county of Shiawassee, to set aside clouds on their titles alleged to have been created by the return of unpaid assessments on their lands for the expense of clearing out a township drain. The court below dismissed the bill, which had been taken as confessed, chiefly for the reason that the money had not been paid into court, and complainants appeal.

When the bill was filed, all the action of the drain commissioner had come to an end, and the taxes had been returned to the county treasurer, and advertised with the other ordinary taxes. The township, as a corporation, the drain commissioner (who is not the one that did the work), and the county treasurer, are all joined as defendants.

In order to determine the position of the controversy, and of the parties, some attention should be paid to the peculiar state of the facts. The commissioner's proceeding was not to ascertain the necessity, and provide for the construction, of a drain, involving the appropriation of lands and other extraordinary action. The drain was already in existence, and only needed cleaning out. The propriety of having an existing drain cleared out does not necessarily need to be determined by commissioners or juries, unless involving more than cleansing. While the statute provided that the rules

which applied to making drains should apply to some cases of improving them, it is only where there is a "proceeding affecting the rights of persons or property." How. Stat. §§ 1719, 1732. Just how far the proceedings in the course of opening and cleansing drains must correspond we need not consider. Section 1732 provides that, where no assessment of benefits has been made, the commissioner shall make the assessment.

It is evident that, where a drain has once been legally made, there is at least a presumption that, if necessary at all, it should be kept in reasonable order; and that usually the points in which contributing parties are interested are in the amount of entire cost, and the ratio of assessment among the contributors. All are interested in having the cost moderate. Each one is separately interested in reducing his own burdens, and having as much as possible of the general burden put upon the others.

Parties who ask aid from equity in such a case must show some injustice threatened or done them in the method or extent of charging them. The case is somewhat different from that of general taxation or assessment, spread upon a uniform apportionment, which may be in some cases a clear usurpation, and against which parties cannot join in complaining, unless for some grievance underlying the whole proceeding, while as to that they sometimes may join.

Here there is no averment that the Holly drain was not an established drain, and no averment of fact to show how it is otherwise. The only averment is that it was never done "according to any legal form or rule." That is not an averment of fact that presents a tangible issue. There is nothing which identifies the drain by its course, or otherwise, or which shows just what was done by the drain commissioner. All the statements are vague and uncertain. There is no averment or showing what the whole cost was, and on whom and how apportioned. There is no averment that it was exces-

sive, and, if so, how; and none that any of the complainants, or all of them, can reasonably complain of their apportionment. All the averments are to matters of procedure which may or may not have done wrong, but are not shown to have done so. The bill itself, in its body or by exhibits, should have put the court in a position to determine the precise injury done and complained of; and it does not appear at all why the taxes were not either paid under protest, or otherwise sought to be avoided by timely application to appellate proceedings.

By waiting until the several taxes have become charged, and offered for sale against their specific lands, complainants have put themselves in a position where they must make out very strong equities of a substantial character, as a common grievance.

Under our repeated decisions, the township of Vernon has no interest in this litigation, and has taken no part in the action complained of. The fund is not a township fund, and the tax is not a township tax. It should not have been joined as a defendant.[1]

But we also fail to see how complainants have been jointly injured, or injured at all, so far as the bill shows. The doctrine that parties may join who are similarly injured by one act, operating on all precisely alike, cannot be safely extended to cases not within its scope. If they are not affected in all things alike, they must sue severally, or not at all, and each must have a grievance which equity can redress. The present case resembles, in several respects, the case of *Brunner v. Bay City*, 46 Mich. 236. Here, as there, the burden no longer remains in a roll or assessment on which all are common debtors, but the charges have assumed a new shape, as individual assessments on the county roll for sale, where there is nothing to show their relative positions. Here, as there, each is interested in having as much as possible thrown

---

[1] See *Emerson v. Township of Walker*, 63 Mich. 483.

upon his neighbor, and their burdens are not assessed on any rule of uniformity; and in both cases the injury to each complainant is one to the title of a distinct and separate freehold, for which, if large enough, he might sue individually. No decree in favor of or against one complainant could affect in just the same way the whole body of assessed parties, or destroy the proceedings of the commissioner altogether, or undo payments made, or contracts fulfilled, affecting parties not in court. There is no adequate provision for reassessments.

The bill is therefore multifarious for joining complainants who ought not to have been joined. Some of them could have no separate standing, because not interested to the amount of $100. None of them shows definitely that any wrong has been done him that equity should redress.

The decree dismissing the bill must be affirmed.

The other Justices concurred.