ISAAC N. JENNESS, GEORGE WILLIAMS, AND CHARLES K. JONES v. GERTRUDE SMITH.

[See 64 Mich. 84.]

*Equity pleading—Joinder of causes of action.*

This case is ruled by *Winslow v. Jenness, ante,* 84, to which reference is had.

Appeal from Lapeer. (Stickney, J.) Argued October 28, 1886. Decided January 6, 1887.

Bill to enjoin prosecution of ejectment suits. Complainants appeal from decree dismissing bill as multifarious. Affirmed. The facts are stated in the opinion.

*Geer & Williams,* for complainants.

*Farrand & Jenks (J. B. Moore,* of counsel), for defendant.

SHERWOOD, J. These complainants were all defendants in separate suits against each in ejectment, wherein the plaintiff was the defendant, Gertrude Smith, and the object of the bill in this case is to enjoin Mrs. Smith from prosecuting those three ejectment suits, and to quiet the title to the property therein in dispute.

The defendant demurred to the complainants' bill, alleging the following grounds therefor:

" That it appears by the said bill that the same is exhibited by the complainant Isaac N. Jenness, and the several other persons therein named as complainants thereto, for distinct matters and causes, in several whereof, as appears by the said bill, the said complainants are not in any manner in common or jointly interested or concerned, and that the bill is multifarious, and that the said complainants have not, in and by their said bill, made or stated such a case as entitles them in a court of equity to any relief from or against this defendant touching the matters contained in said bill, or any of such matters."

The cause was heard before Judge Stickney in the Lapeer circuit, where the demurrer was sustained, and the bill dismissed.

The allegations of the bill are substantially the same as those in *Winslow v. Jenness, ante,* 84, with the following additions, viz.: All the lands referred to in *Winslow v. Jenness* were sold prior to January 3, 1878. Up to that time Allen Fish and I. N. Jenness, as survivors of I. N. Jenness & Co., had continued the business for the purpose of closing it up, believing that in so doing they could best subserve the interests of all concerned. At that date Jenness learned for the first time that Allen and Henry Fish had mortgaged their two-thirds interest in the partnership real estate of I. N. Jenness & Co. in 1871 for $40,000, which mortgage had never been recorded, and that there was still due on said mortgage about $10,000. There was also due to John L. Woods, on a mortgage given by A. and H. Fish on their interest in the same lands, $25,000; so that the interest of A. and H. Fish in this partnership real estate was incumbered by mortgages to the amount of $35,000.

At this time the firm of I. N. Jenness & Co. owed I. N. Jenness $20,000, and other unsecured creditors $21,000, and the firm of A. & H. Fish were indebted to I. N. Jenness & Co. $83,000, and were insolvent. It was agreed that all the assets of the firm should be conveyed to Jenness, who, in consideration therefor, agreed to pay the two mortgages of $35,000, to pay all the indebtedness of I. N. Jenness & Co., and to release all his claims against A. & H. Fish. This agreement was carried out; and all the property turned over to Jenness did not exceed in value 75 per cent. of the indebtedness which Jenness agreed to pay, and did pay. To pay this indebtedness Jenness conveyed the bulk of the property transferred to him to John L. Woods, who controlled the two mortgages. He used $1,000 of his own means, and mortgaged his homestead for $12,000.

These additional allegations do not change, in any essential particular, the main features of the case. The same rule which prevailed in *Winslow v. Jenness* will govern the present case, and determine the result. It is unnecessary to discuss them anew here.

The decree at the circuit must be affirmed.

The other Justices concurred.