WILLIAM R. ALGER v. JOHN H. SLAGHT, TREASURER, AND MANVILLE J. BLOSS, DRAIN COMMISSIONER, OF THE TOWNSHIP OF MUNDY, GENESEE COUNTY.

*Equity—Setting aside drain tax—Demurrer—Joint action by drain commissioners.*

1. Equity has jurisdiction to set aside an illegal drain tax assessed upon a tax roll against the land of the complainant, and which by law is a lien thereon.
2. A demurrer for want of parties is bad where the bill of complaint fails to show any interest in the parties named in the subject-matter of the suit.
3. There is no statute which allows joint action by township drain commissioners, and such action extending over more than one township is illegal.

Appeal from Genesee. (Newton, J.) Argued January 12, 1887. Decided January 27, 1887.

Bill to set aside drain tax. Complainant appeals from decree dismissing bill. Decree reversed, and one ordered according to prayer of bill. The facts are stated in the opinion.

*Wisner & Johnson,* for complainant.

*Lee & Aitken,* for defendants.

CAMPBELL, C. J. Complainant filed his bill to set aside a ditch assessment, the amount of which was deposited under protest, which defendant Slaght was attempting to enforce under a tax roll, based on an assessment purporting to be made by the other defendant as township drain commissioner.

It appears by the bill that the application for the work in controversy was made to the drain commissioners of the townships of Mundy and Gaines jointly; that the work was

prosecuted under their joint supervision; and that the cost of the drain in each township was not charged on the lands in that township, but that complainant is charged with more or less of the cost in Gaines, in which none of his land is situated.

The defendants demurred generally for want of equity, and specially for want of parties named. The court below dismissed the bill.

As the assessment was put upon the roll of Mundy, and unless paid would have resulted in a cloud on complainant's title, the case is properly brought, and could not very well have been brought until the proceedings were put in such a shape as to endanger his title.

So much of the demurrer as goes to want of parties is a speaking demurrer, not supported by the bill. That does not show any interest in the persons named as holders of ditch-warrants. Had it done so, there is some doubt how far they could be treated as necessary defendants as interested in a fund not yet collected or apportioned to them. See *Palmer v. Rich*, 12 Mich. 414. But it is enough now to say they have no apparent interest on the record.[1]

There can be no doubt of the insufficiency of the proceedings. There is no statute which allows joint action by different township commissioners, and such action extending over more than one township is not legal.

The demurrer must be overruled. We can see nothing which can be gained by further defense; and, as it is impossible to maintain the assessment, we shall reverse the decree, and order a decree for complainant as prayed, with costs of both courts.

The record will be remanded for the entry of the proper order making the decree of this Court the decree of the circuit court.

The other Justices concurred.

[1] See *Emerson v. Township of Walker*, 63 Mich. 483; *Barker v. Township of Vernon*, Id. 516.