THOMAS M. HUBBELL v. JOHN M. ROBERTSON, SUPERVISOR.

*Township drain commissioners—Joint action illegal.*

Joint action by township drain commissioners, in constructing a drain in their townships, is unauthorized and illegal. *Alger v. Slaght,* 64 Mich. 589.

Mandamus to compel respondent to levy tax to pay orders drawn by drain commissioner. Submitted January 18, 1887. Denied April 28, 1887. The facts are stated in the opinion.

*Moore & Moore,* for relator.

*Elliot G. Stevenson,* for respondent.

SHERWOOD, J.   The petitioner in this case asks for a *mandamus* to compel the supervisor of the township of Clay, in the county of St. Clair, to place upon the assessment roll of said township for collection the amount of three orders drawn by the township drain commissioners in favor of the petitioner, and against said township, for work done under a contract made with the drain commissioners during the years 1883 and 1884; there being due upon the orders at the time of filing the petition the sum of $1,760.35, and interest from the twenty-seventh day of November, 1883.

The petition states that in May, 1883, a certain ditch existed in the townships of Clay and Cottrelville, known as "Marine City Ditch;" that on that day petition was filed with the township drain commissioners of those towns, "and proceedings were thereafter had to clean out, deepen and widen said ditch;" that after petition filed, and obtaining releases of right of way, petitioner made a contract to perform the work and construct the ditch, and completed it according to the terms of his contract, before the first day of

July, 1884; that the building of the ditch was a matter of public notoriety, and all persons liable to be taxed therefor knew thereof, and no objection was made to it; that all the officers of the township of Clay knew the work that petitioner was doing, and why he was doing it; that the supervisor of Cottrelville assessed their portion of the cost under the contract, amounting to $9,618, and the same was collected and paid according to the contract; and that the township of Clay, after the work was completed, refused to pay anything, and for three years successively her supervisor has refused to place the amount of said orders upon the assessment roll for collection when requested so to do, and finally says he will not do so until directed by a court of competent jurisdiction.

Petitioner further says that the land through which the ditch passes has been greatly benefited thereby, and prays for the writ as above stated.

The respondent, supervisor of the township of Clay, makes answer to the petition, and says that he knows the ditch; that he has no right to spread the tax to pay the orders issued for the construction of the same by the petitioner, for the reason that the proceedings under which the work was organized and said ditch constructed, as averred, were illegal.

It is unnecessary to pursue the subject further. The petition shows the work was ordered by the joint action of different township commissioners. We have heretofore held that there is no statute which allows joint action by different townships in the construction of drains through them, and that such action, extending over more than one township, is illegal. *Alger v. Slaght*, 64 Mich. 589.

The writ of *mandamus* must be denied, with costs.

The other Justices concurred.