## DOUGLASS v. BOARDMAN.

1. INJUNCTION BILL—PARTIES — DIVERSITY OF INTERESTS — MULTIFARIOUSNESS.

    A bill by the owners of separate lots, who derive their titles from the same source, to enjoin one claiming a dower interest therein from instituting ejectment suits against them to recover such interest, and from prosecuting suits already instituted, is multifarious.

2. SAME—DOWER—FRAUD AND EXTORTION—EVIDENCE.

    An attorney's assertion of his client's claim of dower in certain lots in an amount greatly in excess of that which the owners believe to be justifiable, and his threat that, if the amount is not paid, he will institute suits in ejectment, which would involve costs to an extent rendering it more expensive for the owners to litigate than to accede to his demands, is not such an indication of fraud as will justify a court of equity in enjoining the prosecution of the suits at law.

Appeal from Kent; Grove, J. Submitted June 11, 1897. Decided July 13, 1897.

Bill by Andrew L. Douglass and others against Mary L. Boardman and Clark H. Gleason to enjoin the prosecution of ejectment suits. From an order overruling their several demurrers to the bill, defendants appeal. Reversed.

*Sweet, Perkins & Judkins* (*Kingsley & Kleinhans*, of counsel), for complainants.

*C. H. Gleason* and *Arthur Lowell*, for defendants.

MOORE, J. The defendant Mrs. Boardman claims a dower interest in upwards of 250 lots in the city of Grand Rapids, owned by about 130 persons, who are now in the possession thereof. Mrs. Boardman has brought four ejectment suits to recover her dower, and threatens to bring others. The defendant Gleason is her attorney in the ejectment suits. The defendants in the ejectment suits and 87 other lot holders joined in filing a bill of complaint, in which they allege that they are owners in fee, and in possession, of their respective lots; that they get their title from one source; that the assertion of a claim of dower by defendant Mrs. Boardman constitutes a cloud upon the title of complainants, and affects them all in the same manner. The bill alleges that the defendant Mrs. Boardman is not now, and never has been, entitled to any dower interest in said lands. It also alleges that, when the husband of defendant Boardman died, the real estate was not of much value; that Mrs. Boardman knew of improvements of great value being put upon said lands, and made no claim of right of dower; that, if she is entitled to any dower, it would amount to no more than $3 or $4 in value on each lot, and that defendant Gleason, with full authority to act for his client, has offered to take a money compensation for the right of dower, varying from $15 to $45 a lot, and endeavors to get from complainants in that way $7,000 for what is worth not more than $700, and threatens to commence ejectment suits if Mrs. Boardman's demands are not acceded to; that defendant Gleason asserts he could recover costs, amounting to from $40 to $50 in each ejectment suit, and that it would be cheaper for the complainants to settle upon his terms than to litigate; and that the purpose of now asserting a claim to a right of dower is to subject complainants to expense, in the way of costs, out of proportion to the value of the dower interest. The

prayer is that defendant Boardman be decreed to have no right of dower, that she be decreed to relinquish her claim of dower, or, if the court should find that she has a valid dower interest, that its value may be determined, and a gross sum of money fixed in lieu thereof, and that both defendants be enjoined from prosecuting the ejectment suits already commenced, and from commencing others. The bill also contains a general prayer for relief. It does not ask the court to determine what proportion of the gross sum allowed in lieu of dower should be paid by each complainant.

Defendants demurred to the bill on various grounds. Those necessary to mention are: *First.* Complainants have a complete remedy at law. *Second.* Because defendant Boardman has a right to have her dower interest, and its value, determined at law, instead of at equity. *Third.* Because the bill shows that it is exhibited by said complainants for distinct and separate matters, in which complainants are not jointly interested. The demurrers were overruled, and defendants appeal.

The case of *Winslow* v. *Jenness*, 64 Mich. 84, was a case where a large number of complainants filed a bill to restrain the prosecution of 21 ejectment suits, brought by the defendant Gertrude Smith to recover an undivided one-third interest in the lands. The defendants in the several ejectment suits derived title from the same sources, and claimed they were affected in the same manner by the assertion by Mrs. Smith of her interest in the lands, and as to the principles involved the case was like this case. As that case is so accessible, it is not necessary to refer to it in detail. It was held that the bill was multifarious. See, also, *Jenness* v. *Smith*, 64 Mich. 91; *Brunner* v. *City of Bay City*, 46 Mich. 236; *Barker* v. *Township of Vernon*, 63 Mich. 516; 1 High, Inj. § 62. These cases should control the present one, unless it can be said that a different rule applies where ejectment is brought for dower than obtains where it is brought to recover an undivided interest. We have not had our attention called

by the learned counsel to any cases making such a distinction.

2 How. Stat. § 7789, subd. 2, provides that ejectment may be brought by any widow entitled to dower, and she ought not to be deprived of that right unless it is made very clear that injustice will be done. *Rea* v. *Rea*, 63 Mich. 257. It is urged that, as Mrs. Boardman's dower interest is small in value, while she claims much more than it is worth, and her attorney has urged complainants to settle, asserting that his client would be entitled to costs, in each case amounting to $40 or $50, and that it would be cheaper for them to settle, this operates as a legal fraud upon complainants.

We cannot arrive at the same conclusion reached by counsel. We draw from this statement the conclusion that complainants put one value upon the dower interest, and the attorney another, and that, as they did not agree, the attorney asserted that, if they could not agree, he must bring suit, which would involve costs, and that it would be cheaper to settle than to litigate. We do not see in all this any such indication of fraud as would justify a court of equity to interfere with a proceeding at law. The demurrers should have been sustained.

The decree is reversed, and the bill of complaint dismissed, with costs of both courts.

LONG, C. J., GRANT and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.