1. APPEAL AND ERROR—APPEALABLE ORDERS—OVERRULING SPEC-
   IAL DEMURRER.
   Chancery Rule 9, requiring that the causes of demurrer be in all
   cases specified, did not change the classification of demurrers
   as general and special, nor enlarge the statute (§ 549, 1 Comp.
   Laws) giving the right of appeal from an order overruling a
   general demurrer.

2. SAME—DEMURRER—GENERAL OR SPECIAL.
   A demurrer to a bill for multifariousness is special and no
   appeal lies from an order overruling such a demurrer (§ 549,
   1 Comp Laws).

Appeal from Genesee; Wisner, J. Submitted Febru-
ary 27, 1906. (Docket No. 198.) Decided May 24, 1906.

Bill by William Kerr and others against John J. Rupp
and Fred P. Brewer, executors of the last will and testa-
ment of Moore Kerr, deceased, to cancel and annul cer-
tain assignments of complainants' shares of deceased's
estate as obtained by fraud, to restrain payment of the
shares to defendant Rupp under the assignments, and to
compel payment of their respective shares to complain-
ants. From an order overruling a demurrer to the bill,
defendants appeal. Appeal dismissed.

Complainants are 7 of 15 nephews and nieces and re-
siduary legatees of Moore Kerr, deceased. Defendants
are executors of the last will of said Moore Kerr. Each
of the complainants assigned and transferred to defendant
Rupp, for the sum of $6,000, all interest in said estate.
Rupp and decedent Kerr were partners, the assets of the
firm consisted largely of pine and pine lands, and, it is
charged, complainants were fraudulently induced by de-
fendants to sell their respective interests for a sum very

much less than the true value of such interests respectively. The bill is filed to restrain the executors from paying to Rupp any interest in the estate acquired by said assignments, to cancel and annul said assignments and transfers, to compel payment to complainants of their respective shares of said estate according to the true value thereof and as though no transfers had been made. Defendants demurred to the bill, and for ground of demurrer set out:

"That it appears by the bill of complaint that each of the complainants, equally with others not parties hereto, had a several and distinct interest in the estate of Moore Kerr, deceased, mentioned in said bill, and that neither of the complainants had any interest whatever in the separate share or interest of any of his co-complainants; that each of the complainants sold and transferred to the defendant John J. Rupp his distinct and separate interest in the estate of Moore Kerr, deceased, and that each of the complainants was paid therefor, separately and apart from the rest of the complainants, six thousand dollars by the said Rupp for his separate and distinct interest; and that the purchase by the said Rupp of the several said separate and distinct interests of each of the complainants, and the transfer of such interest by such complainant to said Rupp, was a separate, several and distinct transaction; and it therefore appears by the said bill that the same is exhibited by the complainant William Kerr and the several other persons therein named as complainants thereto, for distinct matters and causes in several whereof as appears by the said bill, the said complainants are not in any manner in common or jointly interested or concerned, and that the bill is multifarious, and that the said complainants have not in and by their said bill made or stated such a case as entitles them in a court of equity to any relief from or against these defendants, or either of them, touching the matters contained in said bill, or any of such matters."

The demurrer was overruled, and defendants were required to answer. From this order they have appealed.

*A. A. Ellis,* for complainants.

*Humphrey, Grant & Smith,* for defendants.

Ostrander, J. (*after stating the facts*). The first question presented is whether or not an appeal lies from the order of the circuit court. This question is answered when it is determined whether the demurrer is general or special. Previous to September 8, 1883, appeals from orders overruling demurrers were not permitted. *Bennett* v. *Nichols*, 12 Mich. 22; *Kirchner* v. *Wood*, 48 Mich. 199. The amendment of 1883 (1 Comp. Laws, § 549) gives the right to appeal from an order overruling a general demurrer. Chancery Rule 9 requires that the causes of demurrer be, in all cases, plainly specified. The rule does not enlarge the statute, nor in any manner change the classification of demurrers as general and special. *Daschke* v. *Schellenberg*, 124 Mich. 16. The demurrer in the instant case is a special demurrer. I refer for authority to elementary treatises and to definitions found in them. Story on Equity Pleadings, § 527, having first divided demurrers into two classes of general and special, says:

"*Secondly.* We come, in the next place, to objections to the frame and form of the bill, which may be taken by demurrer. These are: (1) Defects of form; (2) multifariousness; and (3) want of proper parties, or misjoinder of parties. * * *

"§ 530. (2) In the next place, as to multifariousness. * * * The only way of reconciling the authorities upon the subject is by adverting to the fact that, although the books speak generally of demurrers for multifariousness, yet, in truth, such demurrers may be divided into two kinds: (1) Frequently the objection raised to a bill, though termed multifarious, is, in fact, properly speaking, a misjoinder of causes of suit; that is to say, the cases or claims, asserted in the bill, are of so different a character that the court will not permit them to be litigated in one record. It may be that the plaintiffs and the defendants are parties to the whole transactions, which form the subject of the suit; but, nevertheless, those transactions may be so dissimilar that the court will not allow them to be joined together, but will require distinct records. (2) But what is more familiarly understood by multifariousness, as applied to a bill, is where a party is brought as a

defendant upon a record, with a large portion of which, and of the case made by which, he has no connection whatsoever. In such a case, he has a right to demur and to state the evil of thus uniting distinct matters in one record to be (and so the old form of demurrer was), that it put the parties to great and useless expense. Such an objection could have no application to the case of a mere misjoinder of different causes of action between the same parties, plaintiffs and defendants, and none others."

Clearly, under the classification made by Judge Story, a demurrer for multifariousness was required to set out the special ground of demurrer. Since the adoption of Chancery Rule 9, the character of the demurrer is determined by the special reasons therein assigned and this demurrer cannot be considered as both a general and a special demurrer. See *Ideal Clothing Co.* v. *Hazle*, 126 Mich. 262. That it concludes with the form used for a general demurrer does not aid it. It is said, by counsel for appellants, that it has been the practice of this court to review by appeal cases in which demurrers assigning multifariousness have been overruled by the lower court, beginning with *Hunton* v. *Platt*, 11 Mich. 264, and continuing to *Douglass* v. *Boardman*, 113 Mich. 618. This statement is, to some extent, supported by the facts. In *Douglass* v. *Boardman* the appeal was from an order overruling a demurrer, and this court determined the demurrer well grounded, reversed the order, and dismissed the bill. An examination of the briefs in that case shows that counsel for complainants were contending that a general demurrer to the bill was bad for various reasons stated, and the following, constituting all that is said upon either side upon the subject:

"But defendants may urge that their demurrers are not general. In that case we answer that this appeal should be forthwith dismissed, as under the statute * * * and under the decisions of this court, no appeal can be taken from an order overruling a special demurrer."

In each of the cases cited in the opinion in that case the appeal was from a final decree. Again, in *Stone* v. *Rail-*

*road Co.*, 139 Mich. 265, the appeal was from an order overruling demurrers, and one ground of demurrer was that the bill was multifarious. The opinion, to some extent, discusses the objection that the bill was multifarious, concluding by affirming the order appealed from. The briefs do not raise the question here presented. In no other cases which have come to our attention has this court assumed to review the determination of the court below in overruling special demurrers, and in *Douglass* v. *Boardman*, only, has it sustained a special demurrer on such an appeal.

The opinion in *Schaub* v. *Welded Barrel Co.*, 130 Mich. 606, is clearly not a precedent for reviewing an order overruling a special demurrer. But, whether or not there are other cases, we are all agreed upon the propositions (1) that the demurrer of the defendants is special and not general; (2) that no appeal lies or will be entertained from an order overruling such a demurrer. There is no occasion to adopt, for the purpose of permitting appeals, a new classification of demurrers. The power to dismiss bills for multifariousness has always been sparingly exercised. It is proper practice to raise the objection, in the court of original jurisdiction, by demurrer. The matter of proper relief is so completely within the control of the court on final hearing that no hardship is likely to arise from answering over and proceeding to the merits of the controversy, or in standing upon the demurrer and appealing from the final decree.

The appeal is dismissed. Costs are awarded to appellees for the expenses of printing, with a solicitor's fee of $10. Defendants will be allowed 20 days in which to answer the bill of complaint.

CARPENTER, C. J., and McALVAY, HOOKER, and MOORE, JJ., concurred.