CASE v. LONGYEAR.

APPEAL AND ERROR—DEMURRER IN EQUITY—SPECIAL DEMURRER
—MULTIFARIOUSNESS.

A demurrer for multiplicity, inconsistency, and insufficiency
of a bill to declare certain conveyances given as security for
a debt and to redeem therefrom is a special demurrer; and
an order overruling it is not appealable.

Appeal from Dickinson; Flannigan, J. Submitted
December 11, 1911. (Docket No. 185.) Decided Febru-
ary 10, 1912.

Bill by Sophie L. Case against John M. Longyear and
another to declare certain conveyances mortgages and to
redeem from them. From an order overruling a demurrer
to the bill of complaint, defendant Longyear appeals. Af-
firmed.

*S. W. Shaull* (*S. F. Douglass* and *Benton Hanchett*,
of counsel), for complainant.

*M. J. Sherwood* (*Dan H. Ball* and *Allen F. Rees*, of
counsel), for defendant J. M. Longyear.

BROOKE, J. This is an appeal from an order overrul-
ing a demurrer interposed by defendant Longyear.

The complainant in her bill of complaint sets out a series
of transactions between her husband, Julian M. Case
(now deceased), herself, and the defendant. It would
seem (though we do not now so determine) that the legal
effect of all of the averments taken together is to charge
that the defendant Longyear now has the legal title to
certain lands which he holds as security for the payment
of certain moneys advanced by him to Julian M. Case in
his lifetime; that he has disposed of certain other lands
conveyed to him as security for said loan, the products of
which should be credited thereon.

Complainant prays for an accounting and for permission to redeem. To this bill defendant Longyear demurred for the following reasons:

" (1) The said bill is multifarious.

" (2) The allegations of the bill are repugnant to each other.

" (3) The bill of complaint is a bill with a double and inconsistent aspect.

" (4) The bill of complaint is inconsistent with itself.

" (5) That part of the bill of complaint which alleges and states that the transactions set forth in the bill of complaint between defendant John M. Longyear, Julian M. Case, and the complainant, Sophie L. Case, constituted mortgages or securities for a debt, and that part of the bill stating and alleging a right in the complainant to purchase the interests in lands described in the bill of complaint are inconsistant with each other.

" (6) That part of the prayer of the bill of complaint which asks for relief by way of redemption from the mortgages alleged in said bill to exist is wholly inconsistent with that part of the prayer of the bill of complaint seeking specific performance of the alleged contract to convey.

"(7) That part of the prayer of the bill of complaint asking for specific performance of any alleged contract to convey is wholly inconsistent with the case made by the bill.

"(8) The allegations in the bill alleging that the defendant, John M. Longyear, holds title to the interest in the lands set forth in the bill of complaint as security or under a conditional sale, are inconsistent with and repugnant to the allegations of an alleged valid contract to sell the interest in the said lands to the complainant.

"(9) The allegations of the bill of complaint are insufficient to entitle the complainant to the relief prayed, or any part thereof."

We must hold under the authority of *Kerr* v. *Rupp*, 144 Mich. 269 (107 N. W. 1059), and cases there cited and discussed, that the foregoing demurrer is special, and not general, and therefore that no appeal lies from an order overruling it. Mr. Justice OSTRANDER, speaking for the court, there said:

"The power to dismiss bills for multifariousness has

always been sparingly exercised. It is proper practice to raise the objection, in the court of original jurisdiction, by demurrer. The matter of proper relief is so completely within the control of the court on final hearing that no hardship is likely to arise from answering over and proceeding to the merits of the controversy, or in standing upon the demurrer and appealing from the final decree."

The order overruling the demurrer is affirmed, with costs to the complainant. Defendant will be be allowed 20 days in which to answer the bill of complaint.

MOORE, C. J., and STEERE and STONE, JJ., concurred. BLAIR, J., concurred in the result.