ROBINSON *v.* DE LUXE MOTOR CAR CO. OF NEW JERSEY.

1. CORPORATIONS—STOCKHOLDERS' SUIT — EQUITY JURISDICTION — DEMAND.

Complainant was entitled to maintain a stockholders' suit in equity against directors of a corporation, whom he charged in his bill with fraudulently and negligently administering the affairs of the company and wrongfully disposing of its property, and who were shown to be in control of the board of directors, and to be majority stockholders: the averments of the bill sufficiently charged facts showing that a demand would be useless.

2. SAME—ADEQUATE REMEDY AT LAW.

Though the bill charged personal grievances and fraud committed against complainant individually, it was not demurrable on the theory that he had an adequate remedy at law, where wrongs to the corporation were also averred.

3. SAME—MULTIFARIOUSNESS—PLEADING.

Nor was the bill multifarious where its sole purpose was to reinvest the corporation with its property and assets, which had been unlawfully converted to the use of such officers and directors.

4. SAME—APPEAL AND ERROR.

The objection that such bill is multifarious is not reviewable on appeal from an order overruling a demurrer thereto; since the demurrer was special.

Appeal from Wayne; Hosmer, J. Submitted April 14, 1912. (Docket No. 52.) Decided May 4, 1912.

Bill by Roswell R. Robinson against the De Luxe Motor Car Company of New Jersey and others for an accounting. From a decree overruling a demurrer to complainant's bill, defendants appeal. Affirmed.

*Bowen, Douglas & Eaman*, for appellants.

*Huggins, Huggins & Johnson* and *Angell, Boynton, McMillan & Bodman*, for appellee.

BIRD, J. This is an appeal from an order of the Wayne circuit court, in chancery, overruling the demurrer of defendants.

The complainant filed his bill of complaint on his own behalf and all others who might wish to join, advising the court, in substance, that he is the owner of 250 shares in the defendant De Luxe Motor Car Company of New Jersey, for which he paid $25,000, and that he was induced to purchase the same upon the representations of defendants Kaufman as to the assets, business, and prospects of the company, which representations proved to be untrue; that at the time of his purchase the New Jersey company was admitted to do business in Michigan, and was manufacturing motor cars in Detroit, where most of its property was located; that Nathan M. Kaufman was its president, and Daniel W. Kaufman was its general manager; that its capital stock was $1,000,000, nearly $900,000 of which was then subscribed; that Nathan M. Kaufman subscribed for $525,000 of said stock, and proposed to pay in part for the same by transferring to the New Jersey company the assets of the C. H. Blomstrom Motor Car Company, which was then owned by him, but that he never carried his proposal into effect.

It is charged that Nathan M. Kaufman never paid for his stock, and that he is still owing the company upwards of $500,000 on his subscription; that by the acquisition of said stock he has controlled the voting power of said company, and that by the use of this power the defendants Kaufman were made directors; and that they have dominated and controlled the board of directors. It is further charged that the management of the company has been loose, extravagant, and ill-advised, and that, by reason of the failure of Nathan M. Kaufman to pay his subscription, the company did not have sufficient working capital to carry on its business, and has been obliged to suspend the manufacture of its motor cars; that in March, 1909, the defendants Kaufman organized the De Luxe Motor Car Company of Michigan, a Michigan corporation, and

transferred to it the assets of the C. H. Blomstrom Motor Car Company except its real estate, and all the assets of the New Jersey company, and that these transfers were accomplished by means of a foreclosure of a chattel mortgage, claimed to have been given by these companies to Nathan M. Kaufman. It is charged that this chattel mortgage was never legally authorized by the company, and that if it were ever given by said company it was in fraud of the rights of the New Jersey corporation, and was part of a scheme to control the assets of the New Jersey company; that since said transfer to said Michigan company the defendants Kaufman have sold, or agreed to sell, to another motor car company, a majority of the stock of said Michigan company, together with certain real estate situated in the city of Detroit, which should have been transferred to the New Jersey corporation by the said Nathan M. Kaufman in part payment of his subscription.

It is further charged that, had the defendants Kaufman prudently and properly managed the New Jersey company, and if the said Nathan M. Kaufman had paid his subscription, the company would have had money sufficient to have paid its debts in full and a surplus to distribute to its stockholders.

The complainant claims that he has no adequate remedy in the premises at law, and that he can have no relief from the directors of the company, because a majority of them are dominated by the said Kaufmans, and act only under their direction.

· By way of relief, the bill prays:

"That the defendants Kaufman may be compelled to account for their official conduct in the management and disposition of the funds and property committed to their charge as officers and directors of the De Luxe Motor Car Company of New Jersey. That the defendants Kaufman be compelled to pay to said corporation all sums of money and the value of all property which they have acquired to themselves, or to either of them, or have transferred to the De Luxe Motor Car Company of Michigan,

or which has been lost or wasted by their violation of their duty as officers and directors of said De Luxe Motor Car Company of New Jersey. That the pretended transfer of the property of the De Luxe Motor Car Company of New Jersey to Nathan M. Kaufman, and the transfer thereof by him to the De Luxe Motor Car Company of Michigan, be set aside and held for naught; that it be decreed that the last-named company holds all property so transferred to it as trustee for the creditors, if any, and the stockholders of the De Luxe Motor Car Company of New Jersey. That a receiver of the last-named company be appointed, with power to collect all unpaid subscriptions to its capital stock, including those of defendants Kaufman."

The defendants demurred to the bill, and assign three grounds therefor:

(1) That it is nowhere stated in the bill that any demand had ever been made upon the company to begin a suit in this behalf, and that it had refused so to do; (2) that the facts alleged to exist show that complainant has a full, adequate, and complete remedy at law; and (3) that the bill is clearly multifarious.

1. Ordinarily, the wrongs to a corporation must be redressed by corporate action. A court of equity will, however, entertain jurisdiction to redress them at the suit of a stockholder, when it is made to appear that he has made an effort to have the board of directors act, and they have neglected or refused to do so (*Talbot* v. *Scripps*, 31 Mich. 268); and, in cases where the directors or those in control are guilty of the wrongs against the corporation, the stockholder is excused from making any effort to induce the board of directors to act, on the theory that the offending parties would be unlikely to start proceedings against themselves. *Miner* v. *Ice Co.*, 93 Mich. 97 (53 N. W. 218, 17 L. R. A. 412); *Flynn* v. *Third Nat. Bank*, 122 Mich. 642 (81 N. W. 572); *Torrey* v. *Cement Co.*, 150 Mich. 86 (113 N. W. 580).

The question presented for our consideration is whether the allegations of the bill are such as to confine the course of the proceedings to the general rule, or bring them with-

in the exception. The bill charges that the defendants Kaufman were directors; that they held a majority of the voting power of the company, and dominated and controlled the board of directors. All the acts of maladministration and fraud are charged to them officially. These charges are of such a character as to make it unlikely that, had a demand been made, it would have been complied with. If the law were to compel complainant to make a demand in the presence of such allegations, it would certainly require him to do an idle thing.

2. It is urged that complainant is not entitled to equitable relief, because he has an adequate remedy at law. The bill appears to be framed upon the theory of redressing wrongs done to the corporation. True, complainant introduces the grievances of the company to the court by reciting one to himself; but his grievance is not carried beyond the first paragraph of the bill. Where the bill recites wrongs done to the corporation by its directors or officers, and corporate relief only is invoked, it is a proper case for a court of equity. 3 Comp. Laws, § 9759.

3. The point is made that the bill is multifarious. We think the sole purpose of the bill is to reinvest the corporation with its property and assets, which it has been unlawfully deprived of by a series of wrongful acts of commission and omission, committed by the defendants Kaufman as officers and directors of the company. All of the acts for which relief is sought are for wrongs done to the corporation, and the defendants Kaufman are charged with the commission of them. We see nothing in the way of disposing of the controversy in one suit.

Another reason for holding that no relief can be granted on this ground is found in *Kerr* v. *Rupp*, 144 Mich. 269 (107 N. W. 1059); *Case* v. *Longyear*, 168 Mich. 434 (134 N. W. 459). The order of the trial court, overruling the demurrer, is affirmed. Complainant will recover costs.

Moore, C. J., and Blair, Stone, and Ostrander, JJ., concurred.