MICHIGAN NATIONAL BANK *v.* HILL.

1. PLEADING — EQUITY — DEMURRER — APPEAL — FORECLOSURE OF MORTGAGES.
   On a demurrer to complainant's foreclosure bill, the objection that a third defendant, who did not file a demurrer or join in that of the defendants, was improperly joined as a party, could not be considered, for the reason that the point concerned only the defendant who did not demur or object.

2. SAME—SPECIAL DEMURRER—APPEAL AND ERROR.
   The ground of multifariousness set up in a demurrer is special and no appeal lies from the order of the circuit court overruling it.

Appeal from Kalamazoo; Stewart, J. Submitted April 27, 1914. (Docket No. 140.) Decided June 1, 1914.

Bill by the Michigan National Bank against Sarah H. Hill and others to foreclose certain mortgages. From an order overruling a demurrer to complainants' bill, defendants Sarah H. Hill and William E. Hill and Company appeal. Affirmed.

*E. M. Irish* and *C. H. Stearns,* for complainant.

*Thomas J. Cavanaugh,* for defendants S. H. and W. E. Hill.

STEERE, J. This is an appeal from an order overruling defendants' demurrer to a bill in chancery filed by complainant to foreclose six different mortgages, given by William E. Hill and Sarah H. Hill, and for an accounting upon matters connected therewith. Defendant Anthony S. Hill did not appear in said suit.

Defendants Sarah H. Hill and William E. Hill Company appeared and interposed a demurrer, the essence of which is that the bill is multifarious, because it attempts to foreclose several mortgages on several distinct pieces of land given by different persons at different times and for different amounts, and is too indefinite and uncertain in the particular that it fails to sufficiently describe and properly set forth the nature and amount of indebtedness claimed due for advancements, discounts, etc. The lengthy bill of complaint, consisting of numerous paragraphs covering many pages, outlined briefly as possible, is in its main essentials as follows: William E. Hill, who died in October, 1897, was for many years actively in business, in the city of Kalamazoo, under the name of Wm. E. Hill & Co., extensively engaged in the manufacture and sale of saw mill machinery and tools used in the lumber business. He was a regular customer and patron of complainant, doing his banking business with it and obtaining credit accommodations there from time to time. At his death he left his business and property to his wife, defendant Sarah H. Hill. Upon the death of her husband, said Sarah H. Hill took possession of the property and business, made financial arrangements with complainant, and continued to carry on said business under the same name (Wm. E. Hill & Co.) until March 22, 1912, doing her banking business with and receiving accommodations from complainant, as her husband had done. On that date she disposed of said business and all its assets, both real and personal, turning the same over to a corporation organized for that purpose under the corporate name of Wm. E. Hill Company.

The mortgages sought to be foreclosed, though not all covering the same property, were given before this corporation was organized, by Mr. and Mrs. Hill only, are owing to the one complainant, closely connected

with the affairs of and cover property turned over to the new corporation. They are as follows:

(1) A mortgage given on the 24th of May, 1888, by Hill and wife to a man by the name of Eggleston for the sum of $3,500. This mortgage was partially paid and subsequently purchased by complainant.

(2) A mortgage of May 24, 1888, to complainant for $10,000, given to secure any indebtedness that Wm. E. Hill and Wm. E. Hill & Co., being the same party, might owe said bank. This was in its nature a blanket mortgage to cover prospective credits as well as past.

(3) A mortgage similar to the last mentioned, executed by Wm. E. Hill & Co., dated May 13, 1896, to complainant for $10,000, being additional security.

(4) William E. Hill having died in 1897 leaving everything to his wife, Sarah H. Hill, she, to obtain "some present accommodations and forbearance," and continue the business, on December 1, 1897, gave a chattel mortgage to complainant covering machinery, tools, stock, and other personal property connected with such business, for the sum of $10,000 and upwards, and assumed in writing all obligations of Wm. E. Hill & Co. to complainant.

(5) On July 7, 1897, said Sarah H. Hill gave a mortgage on certain property to complainant to secure a note of $5,000 given by her son, Anthony S. Hill, which note had been previously guaranteed by herself and William E. Hill. The mortgage was upon a piece of residence property belonging to her and not turned over to the new corporation.

(6) On November 11, 1910, said Sarah H. Hill gave a second mortgage on said residence property to complainant for the sum of $3,700.

The bill alleges a long course of transactions between the bank and Wm. E. Hill & Co., involving a varying and increasing indebtedness of the latter, arising from overdrafts, discounting paper, and other banking accommodations, all of which, amounting to near $45,000, was secured by blanket mortgages both real and chattel; that since the business has been transferred to the new corporation it has been poorly

and inefficiently managed and has become insolvent, resulting in the chattel security of complainant becoming scant and inadequate. The bill prays for the appointment of a receiver, an accounting, and a decree of foreclosure of said mortgages for such amount as may be shown to be due complainant.

The demurrer of Sarah H. Hill and the Wm. E. Hill Company is as follows:

"These defendants say that complainant has not stated such a case in its bill as entitles it to relief in a court of equity for the following reasons:

"(1) Because it appears by the said bill that the same is exhibited against these defendants and another person mentioned in said bill for divers distinct matters and causes, in some whereof, as appears by said bill, these defendants are not interested or concerned and said bill is multifarious.

"(2) Because it appears by the said bill that the same is exhibited to foreclose divers and sundry mortgages made by several different persons on several different pieces or tracts of land for several different amounts in some of which these defendants are in no manner interested or concerned.

"(3) Because it appears in and by said bill that the said complainant is attempting to foreclose numerous mortgages assigned by different of these defendants on independent tracts or parcels of land and also a certain chattel mortgage or mortgages, and that the attempt to join the foreclosure of real estate mortgages and chattel mortgages signed by different persons in some of which these defendants are not interested, makes said bill multifarious.

"(4) That said bill is uncertain, indefinite, and does not sufficiently or properly set forth the evidences of indebtedness claimed to be secured by the said several real estate mortgages, nor does it set forth the amount that is due or claimed to be due for advancements or discounts under paragraphs 38, 39, and 40 of said bill of complaint.

"Wherefore, and for divers other good causes of demurrer appearing therein, these defendants demur to the said bill and pray the judgment of the court whether they shall be required to make any further or

other answer thereto, and they pray to be hence dismissed with their reasonable costs and charges in this behalf sustained."

It is to be observed that defendant Anthony S. Hill did not appear in this case nor join in this demurrer. He does not complain, and the two demurring defendants cannot be heard upon questions which might affect only his interests. *Torrent* v. *Hamilton,* 95 Mich. 159 (54 N. W. 634).

The main and most serious ground of defendants' demurrer is that the bill is multifarious. There is but one complainant, a mortgagee and creditor, no misjoinder of claims against the mortgagor appears, and, so far as shown, all interested in the property mortgaged are made parties. If each party is interested in some material matters set out in the bill, and they are connected with others, it is not indispensable that all parties be interested in all matters involved. A careful reading of this bill leads to the impression that the various dealings of Mr. and Mrs. Hill, in their own names and in the business name adopted and used by both, with the bank, in borrowing from it and giving these securities, are so linked together as to indicate elements in the controversy forming an intrinsic connection between the subjects which would, or might, in one way or the other, affect and jointly require connected consideration of, the securities they had given.

But irrespective of this, we are satisfied that beyond the claim of multifariousness defendants' demurrer contains little, if anything, requiring serious consideration. It is held in *Kerr* v. *Rupp,* 144 Mich. 269 (107 N. W. 1059), that a demurrer on that ground is special, and no appeal lies from an order overruling such a demurrer. The question is there well reviewed with reference to the rule, statute, and decisions in point; it is followed in *Case* v. *Longyear,* 168 Mich.

434 (134 N. W. 459), and *Robinson* v. *Motor Car Co.*, 170 Mich. 163 (135 N. W. 897).

The order of the trial court overruling the demurrer is affirmed, with costs. Defendants are allowed 20 days to plead over as they may be advised.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.