ALEX. BENGLEY AND JOHN DELORMIER v. CHAS. M. WHEELER, JAMES H. KING AND THE BESSEMER IRON CO.

45  493
122  645

*Equity pleadings—Bill to compel assignment of lease—Parties.*

Two of the three directors of a corporation allowed a mining lease thereto to be forfeited, and then took another for their own benefit. Two of the stockholders filed a bill against the two directors and the corporation to compel the directors to assign the lease to the corporation. *Held*, on demurrer that the remaining stockholders should have been brought in as complainants and the lessor as a joint defendant.

Where a bill is filed by stockholders to compel the assignment to the corporation of a lease which had never belonged to it, all the stockholders should be made complainants because the corporation may elect to waive its right to the lease as well as to demand it, and the election cannot be made unless all the stockholders are joined.

Where a bill is filed by stockholders for the benefit of the corporation the bill should state any reasons that exist for omitting to join all the stockholders as complainants in the bill.

A bill to compel lessees to assign their lease should bring in the lessor as joint defendant as it is to be presumed that the landlord is interested in being heard as to who shall be his tenant.

Appeal from Marquette. Submitted January 26. Decided January 28.

BILL to compel assignment of lease. Dismissed below without prejudice. Affirmed.

*Dan H. Ball* and *Ashley Pond* for complainants.

*W. P. Healy* for defendants Wheeler and King, argued that the remaining stockholders should be joined as complainants: *Titus v. Minnesota Mining Co.* 8 Mich. 183; *Westcott v. Minnesota Mining Co.* 23 Mich. 145; and the lessor as defendant; Story's Eq. Pl. §§ 72, 73, 76, and 138: *Mallow v. Hinde* 12 Wh. 196.

COOLEY, J. The bill in this case is filed by two large stockholders in The Bessemer Iron Company against the

company and two of the three directors, Charles M. Wheeler and James H. King, the principal purpose of which appears to be to compel Wheeler and King to assign to the company a lease which they had obtained in their own names from the Teal Lake Iron Mining Co., of certain lands for mining purposes. The equity set up in the bill as entitling the Bessemer Iron Company to this lease is found in the fact that that company had itself had a prior lease of the same lands for the same purposes, which the defendants Wheeler and King had suffered to be forfeited in violation of their duty as officers of the company and with the dishonest purpose— which they had carried out—of obtaining one in their own names and for their exclusive benefit. Neither of the leases is set out in the bill, but it is stated that they differed in this respect, that the royalty upon the ore mined was fifty cents per ton under the first lease and but forty cents per ton under the second lease. In the view we take of the case it does not become important to give further particulars of the bill.

The defendants demurred, assigning for cause the nonjoinder of proper parties and the want of equity. The court sustained the demurrer upon the ground that the Teal Lake Iron Mining Co., and also the remaing stockholders of the Bessemer Iron Company were necessary parties, but gave complainants leave to amend. This permission not being embraced, the bill was dismissed, but without prejudice.

I. It was certainly proper that all the stockholders of the Bessemer Iron Co. should be made parties. The bill charged the officers with dishonest management, and sought to take advantage, for the benefit of the corporation, of a contract they had made in their own names. But upon the facts stated in the bill, this contract was not, and never had been, the property of the corporation; and if the corporation had the right to elect to demand an assignment, it had also the right to decline. The election in such a case could not be made by a portion of the stockholders only, but must be a corporate act. It could not therefore have been made in this suit. There may be reasons sometimes. to excuse

failure to bring in all the stockholders; but when they exist they should be stated. None are given in this bill.

II. The Teal Lake Iron Mining Co. should have been made a party. If the prayer of the bill should be granted, the company would be given a tenant which it has not consented to accept. As already stated, the terms of its lease are not given, and it may contain provisions which would preclude its assignment to the Bessemer Iron Co. It may contain other provisions which would require attention for the protection of the lessor's interest in any transfer, and we cannot assume without having the lease before us, that the lessees have the right to make an assignment regardless of the lessor's will, and that no legal interest of the lessor will be affected thereby. The presumption is that the landlord is interested in being heard when the question is who is to be his tenant. And the presumption is especially strong in this case, for the Teal Lake Company is charged in the bill with having connived with Wheeler and King to deprive the Bessemer Company of its lease in order that a new one might be given to these parties. If such connivance existed the Teal Lake Company must have had some inducement; and as the royalty was actually reduced, it is reasonable to infer that the new lease must have been more advantageous to the lessor than the old in some other particular. Men do not plan and carry out dishonest schemes with the end in view to reduce their returns from their property with no compensation therefor.

The decree must be affirmed with costs.

The other Justices concurred.