FLYNN *v.* THIRD NATIONAL BANK OF DETROIT.

1. BANKS—INSOLVENCY — NEGLIGENCE OF DIRECTORS — BILL FOR ACCOUNTING—PARTIES.

A bill will lie in equity, on behalf of an insolvent bank, to compel the directors to account for losses sustained by reason of their negligent administration of the bank's affairs; and it may be brought by any shareholder, where the receiver is a director, and therefore a proper defendant to the bill.

2. EQUITY PLEADING—DEMURRER—MULTIFARIOUSNESS.

A bill in equity will not be held bad, on demurrer, for multifariousness, unless the defect is pointed out in the demurrer.

3. SAME.

A general demurrer to a bill cannot be sustained where there is matter in the bill upon which any equitable relief can be granted.

Appeal from Wayne; Lillibridge, J. Submitted January 9, 1900. Decided January 23, 1900.

Bill by James W. Flynn against the Third National Bank of Detroit, Joseph L. Hudson, individually and as

receiver of said bank, and others, directors therein, for an accounting. From an order overruling a demurrer to the bill, defendants appeal. Affirmed.

*Charles S. McDonald* (*Edwin F. Conely*, of counsel), for complainant.

*De Forest Paine* and *Wisner & Harvey*, for defendants.

HOOKER, J. The Third National Bank of Detroit went into the hands of a receiver, appointed, as is usual in such cases, by the comptroller of the currency, about February 1, 1894. Joseph L. Hudson, a shareholder and director, was named receiver. The bank is said to have been hopelessly insolvent, and the shareholders have since been assessed to an amount equal to 84 per cent. of its capital stock. The complainant in this suit was one of the shareholders, and his bill is filed, on behalf of himself and other shareholders, against the receiver and others, who at various times held the office of director while the bank was doing business, alleging that the loss of the assets of the bank and its insolvency are due to their neglect and maladministration of its affairs. The bill prays that the several defendants be adjudged responsible for the consequent losses to the complainant and other shareholders, and that the amount for which each should be held liable be determined, and the defendants be decreed to pay such amounts to a receiver to be appointed by the court for the benefit of the shareholders, creditors, and others entitled thereto. The bank, its directors, and the receiver are made parties defendant. Three have answered. The others have demurred. The questions raised are:

1. Want of equity in the bill.
2. That the liability alleged is an asset of the bank, which would go to the present receiver, who is not subject to the jurisdiction of the court in respect to the management and disposition of such assets.

The bill charges, among other things, that the defend-

ants' negligence in the management of the affairs of the bank made its ruin possible, and that it would have been prevented had they been diligent; that they willfully or negligently permitted the money of the bank to be fraudulently converted, wasted, and squandered, and permitted irresponsible and insolvent persons to overdraw their accounts, and to borrow money without adequate security, whereby large sums were lost, and knowingly or negligently permitted the withdrawal of a portion of the capital stock by paying dividends in excess of the earnings; that, through their negligence, the cashier was able to abstract and misapply the funds of the bank, etc. Many other allegations of negligence are found in the bill. Some of them are even more general than these, while others are not shown to have caused or contributed to the loss of the property of the bank. Some of those first mentioned we consider sufficiently specific, under the circumstances of the case. The case of *Loud* v. *Winchester*, 64 Mich. 23, is in point, where it is said:

"In an action for an accounting by a trustee for the alleged maladministration of the trust, it is not reasonable to require the complainant to set out in his bill the misdoings which he could not be expected to fully understand until he had obtained disclosures, the beneficiaries not being generally presumed to possess such knowledge from independent sources. In such a suit, any testimony throwing light on the trustee's management of the trust bears directly on the performance of this duty, and may be considered in taking the account and in determining the view to be taken of the conduct of the trustee."

We find it unnecessary to discuss the degree of negligence which will justify a court in holding directors of a bank liable for losses. It is enough to say that the bill charges negligence in various things, and that loss resulted therefrom. That an action for such negligence may be brought on behalf of the bank we have no doubt, and that ordinarily it should be brought by the receiver is admitted. Here, however, the receiver is a director and a defendant. In cases where a receiver refuses to bring an action, it

may be brought by shareholders on behalf of the bank; and we think that, where the receiver is chargeable with other directors, it cannot be supposed that he would bring an action against himself, and his refusal should not be a prerequisite to the filing of a bill.    See *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52, 99 N. Y. 185, 105 N. Y. 567; *Barr* v. *Railroad Co.*, 125 N. Y. 272; *Ettlinger* v. *Carpet Co.*, 142 N. Y. 193 (40 Am. St. Rep. 587); *O'Brien* v. *Fitzgerald*, 143 N. Y. 377; *Sage* v. *Culver*, 147 N. Y. 246; *Leslie* v. *Lorillard*, 110 N. Y. 519 (1 L. R. A. 456); *Hawes* v. *Oakland*, 104 U. S. 450; *Bengley* v. *Wheeler*, 45 Mich. 493.

It is urged that the bill is multifarious, but no such defect is pointed out in the demurrer.    The rule is settled that a general demurrer cannot be sustained where there is matter in the bill upon which any equitable relief can be granted.

The decree of the circuit court is affirmed, with costs, defendants to have the usual opportunity to answer.

The other Justices concurred.