CHAPIN v. CITIZENS' TELEPHONE CO.

1. CORPORATIONS — RIGHTS OF STOCKHOLDERS — ACTIONS — PRE-REQUISITES.

A bill by a stockholder of a corporation by which he sought to have set aside, if illegal, an exchange of dividend paying stock by certain stockholders and officers of the corporation for nondividend paying stock in another corporation owned by such stockholders and officers, or, if such exchange was legal, to have effected a similar exchange of stock owned by plaintiff in both corporations, was demurrable where there was no allegation that plaintiff had first sought redress of the stockholders or directors of the first corporation.

2. SAME—POWER TO PURCHASE OTHER CORPORATE STOCK—STATUTES.

An allegation of the bill that the first corporation had no authority to make the purchase of stock of the corporation by exchange for its own stock, was defective because not stating the particulars in which such purchase was illegal, as such purchases are legal under certain circumstances, under Act No. 129, § 4, Pub. Acts 1883 (2 Comp. Laws 1915, § 8791), providing that it shall be lawful for a corporation to purchase and hold a portion of the stock of another corporation owning or controlling by patent or otherwise the use of any instrument or device necessary to carry out the purposes of its organization.

3. EQUITY—DEMURRER.

The grounds of demurrer of laches and the statute of limitations to a bill by a stockholder in a corporation seeking to have set aside a purchase by the corporation of stock in another corporation, should not be disposed of on demurrer or in advance of the hearing.

Appeal from Ingham; Collingwood, J. Submitted April 10, 1917. (Docket No. 125.) Decided May 31, 1917.

Bill by Edward C. Chapin against the Citizens' Telephone Company and others to set aside the transfer of

certain corporate stock, and for an accounting. From an order overruling a demurrer, defendants appeal. Reversed.

*Edward C. Chapin* and *Edwin H. Lyon,* for plaintiff.

*Swarthout & Master,* for defendants.

STONE, J. This case is before us upon an appeal from an order of the circuit court for the county of Ingham, in chancery, overruling a demurrer of the defendants to the bill of complaint. The appeal was allowed by an order of one of the Justices of this court. In his bill of complaint plaintiff alleges his ownership of shares, represented by pooling agreement certificates, in defendant Citizens' Telephone Company of Grand Rapids (hereinafter called the Grand Rapids company), also ownership of shares, represented by similar trustee certificates, in the Citizens' Telephone Company of Jackson (hereinafter called the Jackson company).

On information and belief, the bill alleges that in the year 1904 certain stockholders and officers (but what officers is not alleged) of the Grand Rapids company, who also owned stock in the Jackson company, acting as officers and agents of the Grand Rapids company, on the one hand, and as individual owners of the Jackson company stock on the other, issued and delivered to themselves sundry shares of Grand Rapids company stock or pooling certificates, in consideration of turning over their Jackson company certificates to the Grand Rapids company on the basis of four shares of Jackson to one share of Grand Rapids stock. The dates of these respective exchanges are tabulated, the first on February 28, 1904, and the last, on October 20, 1904; that the Grand Rapids stock pays dividends, and the Jackson stock does not, and is quoted below par.

Plaintiff states that he did not learn of said exchanges, "until on or about the year 1906, as near as your orator can now state the time, being within the last six years," since which time he has been trying to get information. The bill was filed September 2, 1911. He nowhere alleges that there was any fraudulent concealment of his claimed right of action. The bill does not allege that plaintiff has asked the Grand Rapids company to bring suit to set aside this transfer of stock as illegal. He does allege that he was asked that company to take over his Jackson stock in the same way. His equities, as he is advised, are set forth in paragraph 18, as follows:

"That said Citizens' Telephone Company of Grand Rapids did not have authority to exchange its stock for stock of the Jackson company, except in case of a purchase of the Jackson company, and that if such purchase was not made, then the exchanging of the stock by the officers of the Grand Rapids company was a fraud upon the company, your orator, and the other stockholders, or if said Grand Rapids company had the authority to make such exchange, then it was bound to exchange, or offer to exchange, its said stock for any remaining outstanding Jackson company stock."

This is the only allegation of fraud in the bill. The prayer for relief is in the alternative, as follows:

"If the court finds the exchange of the stock of the Citizens' Telephone Company of Grand Rapids for the stock of the Citizens' Telephone Company of Jackson, as stated in the foregoing bill, was illegal and without authority, then that the court decree that all of said defendants, and all other persons whose names may be hereafter ascertained, and made defendants herein, return the stock of said Citizens' Telephone Company of Grand Rapids, issued to them in exchange for stock of the Citizens' Telephone stock of Jackson, and all dividends paid them, or either of them, on said stock, with legal interest on each dividend, from time of pay-

ment of same by said Grand Rapids company. Or, if the court finds that the said exchange of stock was lawful, then that the Citizens' Telephone Company of Grand Rapids be decreed to issue to your orator one share of the stock of said Citizens' Telephone Company of Grand Rapids for each four shares of the stock of the Citizens' Telephone Company of Jackson now held by him, and also pay your orator in cash a sum of money which will equal the dividends he would have received if the exchange had been made at the date of the last exchange named in the bill of complaint."

The demurrer is voluminous, containing 41 alleged reasons. We shall not discuss all of them.

The 18th reason is that the bill shows no equity on its face, and presents no cause for the interposition of a court of equity.

The 34th reason is that it nowhere appears by the bill that plaintiff has taken the proper and necessary steps and sought redress through the directors or stockholders of the Grand Rapids company. He does not show that he has attended any meeting of the stockholders of that company and asked for relief. He does not show that he has ever called the subject-matter to the attention of the directors of that company. He therefore has no standing in equity.

The 20th reason is that it is alleged by the bill of complaint that the Grand Rapids company has no right or power, under the law to purchase stock in the Jackson company, and that this is not the law.

The first proposition discussed by defendants is that plaintiff does not allege equities which entitle him to file the bill, and particularly not without a demand on the directors and officers of the Grand Rapids company to file, or authorize the filing of, the bill in the name of that company. This is not a mere technicality. It strikes at the right of a stockholder to bring a suit in equity. Puterbaugh's Michigan Chancery (3d Ed.), pp. 639, 640, states the rule as follows:

"The failure or refusal of the corporation itself to demand redress is a condition precedent to the right of a shareholder to sue or appear as plaintiff. The complaint should aver that the corporation, on request, has refused to bring the proper action; otherwise it is demurrable."

In *People, ex rel. Township of La Grange,* v. *State Treasurer,* 24 Mich. 468-473, this court quoted the language of Nelson, J., in *City of Memphis* v. *Dean,* 8 Wall. 64:

"This refusal of the board of directors is essential in order to give to the stockholder any standing in court, as the charter confers upon the directors representing the body of stockholders the general management of the business of the company. There must be a clear default, therefore, on their part, involving a breach of duty, within the rule established in equity, to authorize a stockholder to institute the suit in his own behalf, or for himself and other stockholders who may choose to join."

See, also, *Talbot* v. *Scripps,* 31 Mich. 268.

In *Robinson* v. *Motor Car Co.,* 170 Mich. 163, at page 166 (135 N. W. 897, at page 898), after stating the general rule, this court said:

"A court of equity will however, entertain jurisdiction to redress them [corporate wrongs] at the suit of a stockholder, when it is made to appear that he has made an effort to have the board of directors act, and they have neglected or refused to do so; * * * and,' in cases where the directors or those in control are guilty of the wrongs against the corporation, the stockholder is excused from making any effort to induce the board of directors to act, on the theory that the offending parties would be unlikely to start proceedings against themselves. *Miner* v. *Ice Co.,* 93 Mich. 97 [53 N. W. 218, 17 L. R. A. 412]; *Flynn* v. *Third Nat. Bank,* 122 Mich. 642 [81 N. W. 572]; *Torrey* v. *Cement Co.,* 150 Mich. 86 [113 N. W. 580]."

We adhere to this rule, but it cannot be applied to

the instant case in the present condition of the bill. After reading the bill we are unable to say who constituted the board of directors of the Grand Rapids company. Their names are not disclosed, nor are the officers of the company named. We think that the bill is defective in this regard.

It is claimed by the bill of complaint that the Grand Rapids company had no right or power, under the law, to purchase stock in the Jackson company, except in case of a purchase of the latter company. The statute under which the Grand Rapids company was organized contains the following provision:

"And it shall be lawful for any such corporation to purchase and hold a portion of the stock of any corporation owning or controlling by 'patent or otherwise, the use of any instrument or device necessary * * * to carry out the purposes of its organization." Section 4, Act No. 129, Pub. Acts 1883; section 8791, 2 Comp. Laws 1915.

See, also, *Home Telephone Co.* v. *Railroad Commission,* 174 Mich. 219, 230 (140 N. W. 496).

The Grand Rapids company, therefore, under certain circumstances, had the right to purchase and hold a portion of the stock of the Jackson company, and the bill is defective in not stating the particulars in which the purchase was illegal. This defect may be remedied by amendment.

In our opinion the bill is inartificially drawn, and had it been taken as confessed, we are at a loss to determine what relief the plaintiff would have been entitled to, not because of the alternate prayer for relief, but because of the theory of the bill.

Other grounds of demurrer alleged, to wit, the questions of laches and the statute of limitations, cannot properly be disposed of on demurrer, or in advance of the hearing. *People* v. *Railroad Co.,* 145 Mich. 140 (108 N. W. 772) ; *People* v. *Railway Co.,* 169 Mich. 72 (135 N. W. 87).

For the reasons stated the order of the circuit court is reversed and the case remanded, with leave to the plaintiff to amend his bill of complaint, under the rule, with costs of the appeal to appellants.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.