# John A. Kerr et al. v. City of Lansing et al.

*Chancery practice: Multifariousness.* When, in a bill by several complainants to enjoin the collection of a grading assessment, some irregularities were alleged which affected but a part of the complainants, and in which the others were not interested, while others affected them all: *Held,* that, as the bill did not make out a common cause for complainants throughout, it should be dismissed as multifarious.

*Chancery practice: When court will decide the merits.* The court will not decide upon the merits when the bill is dismissed on other grounds, unless under peculiar circumstances, and when all necessary facts are before them.

*Heard April 16th. Decided April 28th.*

Appeal in chancery from Ingham Circuit.

The bill in this case was filed by nine freeholders of the city of Lansing, to restrain the collection of a tax. The cause was heard in the court below, on demurrer. The bill was dismissed, and complainants have appealed to this court.

Defendants assign two special causes of demurrer.

*First.* Complainants' bill is multifarious. It shows affirmatively, that the complainants have no joint or common interest in the subject matter in controversy; but the interest of each is separate and distinct.

*Second.* Complainants show no title which enables them to maintain their suit. They are simply freeholders and tax - payers of the city of Lansing, and as such, they can not maintain a suit enjoining the city from the exercise of its municipal powers.

*T. Romeyn,* for appellants and complainants.

The bill should not be dismissed for multifariousness.

1. This objection is, in effect, that there is a misjoinder of complainants. It was not taken by demurrer, and it was first made at the hearing.

It should not be allowed when the court can make a decree which will do entire justice between the parties. — 7 *Mich. 139.*

2. The case made by the bill would furnish relief to each and every complainant, if it would to any one of them.

3. We think the bill not multifarious, even if the objection had been taken *in limine.* — *1 Barb. Ch. 59; 18 U. S. Dig. 264; 19 Id. 240.*

The question is to be decided in each case according to its circumstances. It is affected by considerations of convenience.

The complainants go on common ground. They travel the same path, and ask for the same relief. Why should they not be allowed to start and travel together?

We refer to the argument of counsel in *Conway's case,* *15 Mich.* 257, and to the following additional cases. — *5 Allen, Mass.* 374; *33 Barb.* 30; *34 Miss.* 87; *24 How.* 164.

*Johnson & Higby,* and *S. L. Kilbourne,* for appellee and defendants.

The bill shows that complainants had no joint or common interest in the subject matter. — *Story's Eq. Pl.* § 279, *and notes;* 12 *Simons,* 416; 1 *Tur. and Russ.* 297; 8 *Simons,* 272; 9 *Id.* 299; 15 *Barb.* 239; 43 *Id.* 375; 24 *Ct;* 25 *Ill;* 15 *Mich.* 257.

In the last case, this precise question was argued by counsel before this court, but not decided.

There is some authority for holding that complainants of distinct interests may maintain a bill to restrain a nuisance, when all are alike affected, but this and the case of a creditor's bill, are alike exceptions to the rule.

Admitting that our objection is not well taken, yet we insist that the complainants have no right to the relief prayed for. It involves the broad proposition as to whether a court of equity will restrain the collection of a lawful tax, imposed by a municipal authority. It is conceded, this is a lawful tax, but that it is irregularly assessed. If so, each individual complainant has his remedy at law. We have been unable to find any authority to uphold this proceeding. Besides, if the rule is once adopted, that any individual member of a community, who may conceive a tax to be irregularly assessed, can, through the agency of a court of equity, enjoin the collection of taxes, it will result in incalculable mischief. Upon this point, we refer the court to *18 N. Y.* 155; 12 *Peters,* 91; 23 *N. Y.* 318; 6 *Metc.* 425; 2 *Mich.* 560.

CAMPBELL J.

This bill is filed to enjoin the collection of a grading assessment upon the property described in the bill, in which

the several complainants have separate interests. It is demurred to upon various grounds, the first of which is, that it is not so drawn as to show a right in the complainants to join in its prosecution.

It is usually a good ground of demurrer to a bill, that the complainants have no joint cause of action, or none in which they together represent a single and entire claim or interest. But it is insisted that, in order to avoid a multiplicity of suits, one action may be brought by or against all persons who are interested alike in repelling a grievance, or protecting rights, wherein their interests are precisely alike in character, and affected in just the same way by the adverse claim or transaction. It is also claimed that, in such cases, a part may sue or be sued as representatives of all, where convenience renders such a course essential.

That such an exception is permitted in various cases, is very well settled, although the precise cases permitting it are not uniformly agreed upon. But in the case before us, the bill is not so drawn as to call for any discussion of this subject.

Up to a certain point, there is a similitude of grievances. In each case, the thing sought to be restrained, is the collection of an assessment, which is alleged to be irregular. In each case, it is ultimately chargeable on land, and purports now to be a lien upon it. The irregularities and illegalities, in most instances, affect one of the complainants as well as another. But there are some irregularities alleged, which affect but a part of the complainants. The assessment on certain property is alleged to be invalid, because Whitney Jones, Mary Bingham, and Nelson W. Clarke, although tenants in common with Kerr and Jerome, are not mentioned in the roll, but the entire amount is assessed to the two latter. So, in the case of certain lands belonging to the minor child of H. Lathrop, it is claimed the assessment is void, because not laid against the owners or occupants. It can not be pretended that any of the other

complainants are interested in these private and special griev-
ances, and to this extent the bill does not, therefore, make
out a common cause.    If these specific irregularities should
turn out to be the only ones, then the majority of the
complainants would have no cause of complaint at all, and
Kerr and Jerome would have no common ground with the
Lathrop heir, and no right to join with her in filing a bill.

There is then no authority for this suit in its present
form, for complainants have shown affirmatively that they
do not all stand on the same footing.    And the demurrer
was properly sustained.

We were urged, on the argument, to decide upon the
merits, notwithstanding the defective pleading.    There is no
propriety in taking such a course, except under very pecu-
liar and pressing circumstances, and in the present case,
where no testimony has been taken, and where the facts
are not brought before us with such precision as we should
desire for such a purpose, we do not regard such a decision
as justifiable.    The questions are serious, and should not be
decided on uncertainties.

The decree must be affirmed, with costs.

COOLEY CH. J. and GRAVES J. concurred.

CHRISTIANCY J. did not sit.