CHARLES BRUNNER ET AL v. BAY CITY ET AL.

*Joint suits—Bill to enjoin assessment.*

Joint suits will not lie in a case in which there is no common interest on one side or the other.

A joint bill for relief against a tax sale will not lie where the complainants have no common grievance beyond being owners in severalty of distinct parcels of land sold for the tax.

A joint bill of complaint cannot be maintained if any one of the complainants alleges a grievance that is not of the same common nature with those of the rest.

Where the objection to a tax assessment is that it should not be for an aliquot part of a general charge, but for the separate benefit which the premises receive, the owners of different parcels have conflicting interests and it is doubtful whether they can join in a bill to enjoin the assessment.

Appeal from Bay. Submitted June 8. Decided June 15.

BILL to set aside tax sales and vacate sewer assessment. Defendants appeal. Reversed; bill dismissed.

*Scofield & Webster* for complainants.

*John E. Simonson* for defendants.

CAMPBELL, J. This is a bill filed by a large number of persons whose lots have been bid in by Bay City under a sewer assessment to have the sales set aside as illegal. The ground of illegality is that the sewer itself was not authorized to be built, nor the assessments authorized to be made in the manner adopted.

Without going at length into the questions presented, we are met at the outset by a difficulty which we cannot overlook. We do not find any warrant for any such joinder of grievances. The city now occupies the same position which would be occupied by any other tax purchaser who might choose to bid off all of these parcels. Each complainant would have against him a single separate grievance, but it would not in law be a common grievance, merely because it was similar in its nature to the grievances of others. The assertion of his title against one would be by a separate action, and his action of ejectment could not implead any persons not interested in the parcel it involved. Matters in which there is no common interest on the one side or the other are not allowed to be litigated jointly; and while there are some classes of cases where the community of interest is not as plain as in others, we do not think they go far enough to warrant this suit.

The joinder of several parties similarly interested in resisting a common aggressor was originally allowed, to save multiplying litigation, to settle once and finally the matter in contention. It was at first strictly confined to cases where the act complained of, if done, or continued, would affect every one in the same way, and would affect all, if any. It was applied in questions of commons in pasturage, fisheries, and similar interests, and in questions of tithes, which were asserted over certain districts. It was extended on the same grounds to frauds or wrongs by corporate agents against the interests of corporators, public and private. It was finally applied to restrain taxes and assessments, in which the

inhabitants of localities taxed, or the owners of land in assessment districts, were sought to be charged for a common burden.　There is no doubt that in some of these cases the rule may have been extended somewhat beyond the line first laid down.　But in all of the cases which have been well considered, there has been one cause of grievance which at the time of filing the bill involved some aggressive action in which all of the parties complaining were involved in precisely the same way.　And we have held distinctly that in such actions, if any person set up grievances not of the same common nature with those of the rest, the bill could not be maintained.　*Kerr v. Lansing* 17 Mich. 34.　See also *Miller v. Grandy* 13 Mich. 540 and *Scofield v. Lansing* 17 Mich. 437; *Youngblood v. Sexton* 32 Mich. 406.

In the present case it may be doubted whether the complainants could have joined in a suit to enjoin the assessment, however illegal.　The chief objection underlying the whole theory of the bill is that the assessment was not and could not lawfully be made upon any general and uniform system of apportionment; but that each lot should be assessed, not an aliquot part of a general charge, but so much as it was separately benefited by the work.　It is very evident that each complainant is interested in enlarging the responsibilities of the rest and in diminishing his own.　Instead of a community of interest their interests are hostile.

But when the assessment has been enforced by sale, we can see no reason why one purchaser should differ from another, or why the purchase of several lots should be regarded as a common wrong to the several lot-owners.　He is not after his purchase capable of doing any act which can operate as a common grievance.　Each act in the enforcement of his title is an independent and several injury, if it is a wrong at all, and no lot-owner is hurt by the wrong done to his neighbor.　It would be like the exclusion of a person from a common or fishery, on personal grounds, and not on a denial of the general right.　No joinder of complaints could be allowed in such cases.

We think Bay City cannot be sued in this way, and that

if any lot-owner has an equitable grievance against the sale of his lot actually made, he must sue for it separately.

The decree must be reversed with costs and bill dismissed.

COOLEY and GRAVES, JJ. concurred.

MARSTON, C. J., being a resident tax-payer of Bay City, did not sit in this case.