### M. H. Vestal Company, a corporation, Defendant in Error, v. John R. Robertson, Plaintiff in Error.

### Gen. No. 22,053.

1. Municipal Court of Chicago, § 13*—*when plaintiff relying on statute in statement of claim bound thereby.* Where a plaintiff in his statement of claim predicates his right to recover upon a statute, his right to recover is limited to such statute.

2. Limitation of actions, § 20*—*when action must be brought to enforce individual liability of representative of pretended corporation.* Section 18 of chapter 32, Hurd's Rev. St. (J. & A. ¶ 2435), making one contracting in the name of a pretended corporation individually liable for the obligation incurred, is penal, and an action based thereon must be brought within two years of accrual of right of action as provided by section 14 of chapter 83 (J. & A. ¶ 7209).

Error to the Municipal Court of Chicago; the Hon. Sheridan E. Fry, Judge, presiding. Heard in this court at the March term, 1916. Reversed. Opinion filed May 29, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ASHCRAFT & ASHCRAFT, for plaintiff in error; EDWIN M. ASHCRAFT and CHARLES F. RATHBUN, of counsel.

BARNHARDT & STAFFORD, for defendant in error; EDWARD H. S. MARTIN, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

On December 10, 1914, this action was commenced, in which plaintiff seeks to recover of defendant $92.52 for an indebtedness contracted between February 15, 1911, and May 6, 1911. It is claimed that defendant in ordering certain printing pretended and assumed to be an officer and director of a pretended stock corporation named "Chicago Real Estate Show Company," which assumed to exercise corporate powers, without having complied with chapter 32 of the Revised Statutes (J. & A. ¶ 2418 *et seq.*), in that it had not filed or caused to be filed in the recorder's office of Cook county a certificate from the Secretary of State of the complete organization of the Chicago Real Estate Show Company. Plaintiff in its statement of claim stated that the amount claimed was "due to the plaintiff from the defendant by reason of the statute in such case made and provided."

Defendant, by the second paragraph of this affidavit of meritorious defense, stated that "the cause of action mentioned in plaintiff's statement of claim did not accrue within two years next preceding the starting of this suit, and the causes of action mentioned in the statement of claim are barred by limitation as by statute provided." Plaintiff moved to strike that paragraph from the affidavit of defense and the motion was allowed and the paragraph stricken. On a trial before the court there was a finding and judgment for $72.50, and defendant brings the cause to this court for review.

We are mainly concerned with the challenge of de-

fendant as to the correctness of the ruling of the trial judge in eliminating the defense of the limitation statute. If section 18 of chapter 32, Rev. St., title "Corporations" (J. & A. ¶ 2435), is penal, then section 14, chapter 83, title "Limitations" (J. & A. ¶ 7209), which provides that actions "for a statutory penalty" shall be commenced within two years after the cause of action accrued, is a complete defense. If section 18, *supra,* is not penal, then section 14 of the Limitation Act is not invocable as a defense. Plaintiff has predicated in its statement of claim its right to recover upon section 18 of the statute, *supra,* and to that statute its right to recover is consequently limited. Had plaintiff's statement of claim proceeded upon the theory of its right to recover by force of the common law, the questions argued by plaintiff would be in point. Section 18 (J. & A. ¶ 2435) *supra,* reads:

"If any person or persons being, or pretending to be, an officer or agent or board of directors of any stock corporation or pretended stock corporation, shall assume to exercise corporate powers, or use the name of any such corporation or pretended corporation, without complying with the provisions of this act, before all stock named in the articles of incorporation shall be subscribed in good faith, then they shall be jointly and severally liable for all debts and liabilities made by them, and contracted in the name of such corporation or pretended corporation."

*Loverin v. McLaughlin,* 161 Ill. 417, was an action involving the liability of directors and officers under section 18, *supra,* for debts contracted by them in the name of the corporation before the Secretary of State's certificate of complete organization had been filed and recorded in the recorder's office, as provided in section 4 of the same act. That same question is involved in the instant case. In many of its features *Loverin v. McLaughlin, supra,* is analogous to the case at bar. Most of the questions in the *Loverin* case are present here, except that the limitation statute was not in-

volved. It was contended in the *Loverin* case that the action in which the liability was sought to be enforced under section 18, *supra,* should have been brought in equity, and in disposing of this contention the court said:

"The present action is properly brought as an action at law, as the remedy under section 18 is at law and not in equity. The object of the statute is to inflict a punishment for its violation. It is therefore penal in its character."

In Hale's Private Corporations, 162, the author says:

"But since section 18 is interpreted as penal, the two year statute of limitations applies to all actions based upon it.     *     *     *"

In *Bell .v. Farwell,* 176 Ill. 489, the court adopted the language in Potter's Dwarris on Statutes, where the text writer says:

"A penal statute is one which imposes a forfeiture or penalty for transgressing its provisions or for doing a thing prohibited. It is the effect—not the form—of the statute that is to be considered, and when its object is clearly to inflict a punishment on a party for violating it,—i. e., doing what is prohibited or failing to do what is commanded to be done,—it is penal in its character." *Diversey v. Smith,* 103 Ill. 378; *Gridley v. Barnes,* 103 Ill. 211.

We therefore hold that the remedy invoked by plaintiff is restricted to that provided by section 18, ch. 32, *supra;* that that section is penal in its nature and essence; that section 14, ch. 83, limiting the commencing of such actions within two years after they accrue, is invocable as a defense in bar of the action; and that the trial court erred in striking paragraph 2 from defendant's affidavit of merits, thereby depriving defendant of the benefit of the limitation defense there set up. As it appears from the statement of claim that the Two-Year-Statute of Limitations had

run against the claim before the commencement of this action, the judgment of the Muncipal Court is reversed but the cause is not remanded.

*Reversed without remanding.*