## H. A. Hall, for use of William E. Norris, Plaintiff in Error, v. John R. Robertson, Defendant in Error.

### Gen. No. 23,962.

1. CORPORATIONS, § 28*—*when stockholders liable as partners to creditors.* Stockholders of a corporation which, by reason of failure to file its charter in the recorder's office is not a corporation *de jure,* are liable as partners to creditors of the corporation.

2. CORPORATIONS, § 28*—*when creditor of de facto corporation not estopped to enforce contract against stockholders as partners.* While persons violating the law in making a contract might be estopped to deny corporate existence, if sued as a corporation on the contract, a creditor of a *de facto* corporation seeking to enforce such a contract against the stockholders as partners would not be estopped from doing so by reason of having dealt with the defendants as a corporation.

3. CORPORATIONS, § 28*—*when filing of claim in bankruptcy against de facto corporation not bar to action against stockholders.* The filing of a claim in bankruptcy against a *de facto* corporation is not a bar to an action against the stockholders as partners, where there is no evidence of any hearing or trial of the claim upon the merits or otherwise, and no competent evidence of the final disposition, if any there was, of such claim.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. BANKRUPTCY—*what is not record of judgment on claim.* A minute showing the disallowance of a claim by a referee in bankruptcy is not a record of a judgment and is inadmissible in evidence to show the final disposition of the claim.

Error to the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in this court at the March term, 1918. Reversed and remanded. Opinion filed January 27, 1919.

CLINTON A. STAFFORD, A. W. MARTIN and EDWARD H. S. MARTIN, for plaintiff in error.

ASHCRAFT & ASHCRAFT, for defendant in error; E. M. ASHCRAFT, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Counsel for defendant has made so fair, succinct and logical a statement in his brief of the facts of the case and the legal questions involved that we adopt it. It is as follows:

"The facts are, in January, 1911, certain real estate men attempted to organize a corporation called 'Chicago Real Estate Show Company.' Its purpose was to advertise Chicago real estate. They did everything according to law, except to record the charter in the recorder's office. The subscriptions were made and paid, the charter was obtained, records were kept, stock was issued and transferred, and a corporate seal was used. All its transactions were conducted in its corporate name, and it was not discovered for years after the company failed and was wound up in bankruptcy that the charter was not recorded. Hall was one of its creditors. He, with many others, sued Robertson for his claim, alleging liability under section 18 of the statute [J. & A. ¶ 2435]. To this Robertson replied the Statute of Limitation of two years. After this defense was sustained by the decision of this court in *M. H. Vestal Co. v. Robertson,* 199 Ill. App. 518, affirmed in the Supreme Court, 277 Ill. 425, the claim

was amended, claiming a liability against the 'corporators' as partners, and the question here is whether or not the 'corporators' or shareholders of a *de facto* corporation, organized in perfect good faith, are liable to creditors of a *de facto* corporation, who dealt with it as a corporation, where no fraud is shown or claimed.

"The contract shows on its face that it was made with the corporation as such, and the answer admits filing a claim in the bankruptcy proceeding against the corporation."

The foregoing statement needs no amplification to make it patent that two questions are presented for our consideration and determination, viz.:

First: Under the conditions so made to appear, is a stockholder liable in this action?

Second: Is the action on the claim of plaintiff against the corporation before the referee in bankruptcy a bar to recovery?

First: There has been much conflict of authority regarding the liability of stockholders and officers of a *de facto* corporation as distinguished from one *de jure*, and were it not for the later expression of our Supreme Court on this subject postdating the decisions in conflict, we would find cause to hesitate in reaching a correct solution of the problem.

In *M. H. Vestal Co. v. Robertson*, 277 Ill. 425, the defendant here being the defendant there, the court, holding that section 18, under which the claim was brought, was penal and the right of action barred by the Two-Year Statute of Limitations, decided that the creditors had a right of action against the stockholders as partners, and said:

"If they [the creditors] fail to bring their action within the time, they still have their remedy in an appropriate action against the stockholders as partners, in which case the Five-Year Statute of Limitations applies."

It is urged that this statement is *obiter dicta*, but we

do not so interpret it. The whole matter was before the court and the question of liability was one for its decision. The Supreme Court indicated very clearly that it did not consider that part of the opinion as *obiter dicta,* because on a petition for a rehearing it refused the request of defendant to strike those observations from the opinion. Robertson's liability was before the court in the *Vestal Co.* case, *supra,* as it is here, and under these circumstances we are unable to escape the conclusion that this part of the decision cannot be held to be *obiter dicta* as against defendant. In the *Vestal Co.* case, *supra,* the court said:

"Said section 4 [J. & A. ¶ 2421], which provides that the certificate of complete organization shall be filed for record in the county where the principal office of the corporation is located before the corporators shall commence business, is equivalent to an express prohibition against the authority to do so unless that certificate shall be first filed for record."

In *Joseph T. Ryerson & Son v. Shaw,* 277 Ill. 524, the court said:

"In *Loverin v. McLaughlin,* 161 Ill. 417, where the liability created by section 18 of the Corporation Act was enforced, it was held that, independently of that section, a company which is not a corporate body is a partnership."

While parties violating the law in making a contract might be estopped to deny corporate existence, if sued as a corporation on the contract, still the plaintiff seeking to enforce such contract against the stockholders as partners would not be estopped from doing so by reason of having dealt with the defendants as a corporation. *Joseph T. Ryerson & Son v. Shaw, supra.*

For the failure to file the certificate of complete organization of the Chicago Real Estate Show Company in the recorder's office as required by section 4 of the statute (J. & A. ¶ 2421) *supra,* defendant as a stockholder is liable. In *O. S. Richardson Fueling Co. v. Seymour,* 235 Ill. 319, it was held that proof of

a corporation *de facto* does not relieve officers and directors from the liability imposed by section 18 of the Corporation Act (J. & A. ¶ 2435), and that to escape such liability a corporation *de jure* must be shown; and that where coal ordered by the manager of a supposed corporation, which had failed to file its final certificate of incorporation for record, is delivered to a steamer operated by such a corporation, the parties who were the original subscribers to the stock and who were stockholders, officers and directors after the transaction took place, are liable for the cost of the coal as partners, independently of any liability under section 18 of the Corporation Act. *Bigelow v. Gregory,* 73 Ill. 197.

In *Loverin v. McLaughlin, supra,* it is held that "the members or stockholders of a corporation illegally formed are liable as partners for its acts or contracts; and directors, officers and agents, acting and contracting in its name, render themselves personally liable independently of the statute." For an instructive discussion of this question see note to *Rutherford v. Hill,* 17 L. R. A. 549.

Second: While it is in evidence that plaintiff filed a claim against the Chicago Real Estate Show Company in bankruptcy, there is no evidence of any hearing or trial of the claim upon the merits or otherwise, and there is no competent evidence of the final disposition, if any there was, of that claim. There is no record of any judgment. All that appears is a minute showing a disallowance by the referee in bankruptcy. Such a minute does not constitute the record of a judgment. The referee's minute was inadmissible as evidence. *McCormick v. Wheeler, Mellick & Co.,* 36 Ill. 114; *Steele v. Steele,* 89 Ill. 51.

For the reasons above indicated the judgment of the Municipal Court is reversed and the cause is remanded for a new trial consistent with the views above expressed.

*Reversed and remanded.*