306      APPELLATE COURTS OF ILLINOIS.

Lindblom v. Purity Ice & Refrigerating Co., 217 Ill. App. 306.

## Olaf Lindblom et al., Appellees, v. Purity Ice & Refrigerating Company, Appellant.

### Gen. No. 6,737.

1. APPEAL AND ERROR, § 731*—*what not part of record.* Notes on the judge's docket and the printed calendar are no part of the record.

2. APPEAL AND ERROR, § 931*—*remedy where minutes on judge's docket differ from record as written by clerk.* If the minutes of the judge's docket differ from the record as written by the clerk, the proper remedy is to apply to the court below to have the record amended and corrected, as such office cannot be performed in the Appellate Court.

3. NUISANCE, § 50*—*when evidence does not support joint cause of action for.* The count in a declaration in a joint action brought by a husband and wife to recover for damages caused by the operation of an ice plant across the street from their property is not supported by evidence tending to show that by reason of such noises plaintiffs and their family suffered from loss of sleep which made them nervous and ill in health, that the husband put cotton in his ears to shut out the noise so that he could sleep but was compelled to desist from doing so because his physician advised him that it was affecting his hearing, and tending to show personal annoyance and discomfort caused by the noises, since such evidence does not show or tend to show a joint cause of action.

4. NUISANCE, § 5*—*when noise not actionable.* There can be no recovery for the annoyance and discomfort arising from the noises necessarily caused by the lawful operation of a legitimate business enterprise in a crowded manufacturing city.

5. NUISANCE, § 4*—*right to recover for injury to property due to mist being blown against house.* A husband and wife may recover in a joint action for injury to property owned by them and in their joint possession through mist caused by the operation of defendant's ice plant being blown by the wind on such property interfering with the use of that side of the house.

6. NUISANCE, § 4*—*when method of operating and not laws of nature proximate cause.* Where, owing to the manner in which water used for making ice in defendant's plant is handled, a mist is created, defendant is liable for the injury to adjoining property by the deposit of such mist thereon, notwithstanding the carrying

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of such mist to plaintiffs' property is caused by the operation of the laws of nature, since defendant's method of handling the water whereby the mist is created is the proximate cause of the injury.

7. Appeal and error, § 1423*—*when judgment affirmed notwithstanding errors.* Where the evidence necessitated a judgment for plaintiffs and the judgment was only nominal, it will be affirmed, notwithstanding there may have been errors on the trial.

Appeal from the Circuit Court of Lake county; the Hon. Robert K. Welsh, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 9, 1920. Rehearing denied April 14, 1920.

Maguire, Mooney & Castagnino, of Chicago, and H. C. Coulson, of Waukegan, for appellant.

Cooke, Pope & Pope and Leslie A. Needham, for appellees.

Mr. Justice Heard delivered the opinion of the court.

Appellees are husband and wife living on Walnut street in the City of Highland Park, with the rear of their premises on Deerfield avenue north of, and about 70 feet from, the ice plant of appellant, which faces north on Deerfield avenue, across the street from the rear of appellees' property.

Appellees' declaration consists of three counts, the first count alleging damages arising from noises coming from the operation of the plant. The second count is based upon noises coming from trucks hauling away ice between the hours of 2 and 4 a. m. every day, and the third count alleges the erection, above the buildings used as an ice plant, of a high water tower from which sheets of water were permitted to fall around the outside of the water tower, down upon high platforms, and to be blown by the wind into the sleeping apartments of appellees, damaging the property and furniture of appellees therein and rendering the premises less fitted for habitation, and that in consequence

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

thereof appellees were obstructed and prejudiced in the use and enjoyment of said dwelling house. The trial resulted in a verdict of $1 and judgment thereon in favor of appellees, from which appellant has taken this appeal.

Appellees moved to strike the bill of exceptions from the record and that motion was taken with the case. Each side suggested diminution of the record and requested leave to file additional records and these motions were also taken with the case. Appellant's motion for leave to file additional record will be granted. Appellees' motion to file additional record as to the placita contained therein will be granted, but will be denied as to the copy of notes from the judge's docket and printed calendar, because the notes on the judge's docket and the printed calendar are no part of the record. *People v. Leinecke,* 290 Ill. 560. If the minutes of the judge's docket differ from the record as written by the clerk, the remedy is to apply to the court below to have the record amended and corrected. We cannot perform that office here. The motion to strike the bill of exceptions from the record will be denied.

It is argued that the court erred in refusing to permit the jury to view the premises, in the admission of evidence and in the giving of instructions. In the view which we take of this case, we deem it unnecessary to discuss these questions.

All of the evidence introduced by appellees to sustain the first and second counts of the declaration was evidence tending to show that by reason of the noises emanating from the ice plant, appellees and their family suffered from loss of sleep which made them nervous and ill in health; that Olaf Lindblom used cotton in his ears to prevent the hearing of the noise in an endeavor to sleep, but was compelled to discontinue it on the advice of a physician, because it was affecting his hearing, and evidence tending to show personal an-

noyance and personal discomfort caused by the noises. This is a joint action brought by Lindblom and his wife and none of this evidence shows or tends to show a joint cause of action. The fact that the grievance of husband and wife are similar does not justify joining them in one action.

"When the interests are several, there could as a rule be no joinder, even when the rights of all the plaintiffs have been violated by one and the same wrongful act on the part of the defendant, or had arisen *ex contractu* out of one and the same transaction with defendant." 30 Cyc. 106; *Tennant v. Pfister,* 51 Cal. 511; *American Plate Glass Co. v. Nicoson,* 34 Ind. App. 643, 73 N. E. 625; *Brunner v. Bay City,* 46 Mich. 236, 9 N. W. 263; *Girard v. Lehigh Stone Co.,* 280 Ill. 485. The noises shown by the evidence were necessarily caused by the lawful operation of a legitimate business enterprise and the annoyance and discomfort arising therefrom, while vexatious, are but incidents of life in a crowded manufacturing city. Under the evidence in this case there could be no recovery under the first and second counts of the declaration.

There is evidence which shows that the water tower built on the top of the ice plant was used for cooling the water afterwards to be put in cans, to be made into ice. The water was carried up to the tower by pipes and then permitted to flow over a series of slats so as to break up the water and cool it. The four sides of the tower were constructed of slats set in on a slant so that the air could blow freely into and through the tower to cool the water, and when the wind was in the southwest or west it would blow the water or mist from this tower over onto the appellees' residence so that the appellees had to keep their windows and doors next to the plant closed both night and day at times to prevent the water from blowing in and spoiling the interior of the house. The sleeping porches on the south side of appellees' residence had to be abandoned for

that purpose whenever the wind was such that it carried the mist against appellees' residence; that Mrs. Lindblom had to wipe up the floors 3 or 4 feet into the bedroom; that sometimes the whole south side of the building was spotted with fine mist and that clothes on the sleeping porch were wet and damp.

Appellees were the owners of the premises in question and were jointly in possession. The evidence shows that appellees jointly suffered a material, physical injury to their possession and right of occupancy and enjoyment of the premises for which an action will lie. *Wylie v. Elwood*, 134 Ill. 281.

It is claimed that the mist is carried upon appellees' premises by an act of nature and therefore appellant is not responsible. This is no defense. In almost every action of tort the basis of the action is some act or failure to act on the part of the one person which action or failure to act, by reason of the operation of the laws of nature, results in injury to the person or property of another. If A on his own premises by means of a hose should continuously project into the air a stream of water which by reason of nature's law of gravitation falls upon and into the sleeping porch of B, depriving B of the use thereof, no one would question B's right of action against A. The fact that in the present case the water is projected from a tower instead of a hose and is only occasionally and not continuously carried upon appellees' premises does not affect the liability but only the amount of damages.

Appellant's action in causing the water to fall upon the slats is the proximate cause of the mist being cast upon the winds, where the natural consequence was a material physical invasion of appellees' rights which deprived appellees temporarily of their joint right to the use, occupancy and enjoyment of a portion of their premises, as charged in the third count of the declaration.

The evidence in the case necessitated a judgment in

favor of appellees, and as the judgment is only nominal, appellant could not have been injured by any errors upon the trial, and the judgment therefore is affirmed.

*Affirmed.*