Woodson K. Woods and Sarah Inez Caldwell, Appellants, v. Old National Bank of Centralia, Illinois, Appellee.

Heard in this court at the February term, 1944. Opinion filed February 28, 1944.

Pope & Driemeyer, of East St. Louis, for appellants.

Murray & Murray, of Centralia, for appellee.

Mr. Presiding Justice Culbertson delivered the opinion of the court.

This is an appeal by appellants, Woodson K. Woods and Sarah Inez Caldwell, from what appellants con-

tend was a final judgment of the circuit court of Marion county, Illinois, dismissing appellants' amended complaint on motion of appellee, Old National Bank of Centralia. Appellee has filed its motion to dismiss the appeal of appellants, substantially upon the ground that no final order, decree, or judgment has been entered in this cause by the circuit court of Marion county, Illinois, from which an appeal could be taken in this case. The order of the circuit court of Marion county, from which the appeal is ostensibly taken, is noted upon the judge's docket, under date of March 29, 1943, in the following language:

"The record in this case shows that on October 26, 1942, this court, Judge BULLINGTON presiding, sustained the motion of the Old National Bank to dismiss the amended complaint of the plaintiffs; that the plaintiffs on their motion on January 11, 1943, caused this court to dismiss their suit as to the two remaining defendants, C. E. Lange and Anna Lange. This court is now advised that plaintiffs desire to abide by their amended complaint and refuse to plead further and without waiving any of their objections to the order entered on October 26, 1942, request the court to enter final judgment herein, in order that an appeal may be perfected by the plaintiffs. Judgment is therefore rendered dismissing the amended complaint at the costs of the plaintiffs. Judgment is also rendered in favor of the defendant Old National Bank of Centralia, Illinois, in bar of the action and for costs. The clerk of this court will notify counsel for both parties of the entry of this judgment order and counsel for the parties will submit to the court who entered the order sustaining the motion to dismiss—Judge BULLINGTON—an order in accordance therewith for approval.

"Counsel for defendant Old National Bank present in court and the court has a letter from Judge BURNSIDE advising him of the request of counsel for plain-

tiffs and a tentative order which the court has not approved and will not until counsel for Old National Bank has an opportunity to be heard.''

The foregoing notation appears upon the judge's docket as minutes entered by the judge, or docket entries made by him, and it is contended by the appellee that such entries do not constitute a final judgment from which an appeal can be taken. It is pointed out that the entries made upon the judge's docket are made there solely for the convenience of the court, and do not constitute a court record (*McCormick v. Wheeler, Mellick & Co.,* 36 Ill. 114, 120, 121; *Lindblom v. Purity Ice & Refrigerating Co.,* 217 Ill. App. 306, 308; *Hall v. Robertson,* 213 Ill. App. 147, 151).

It is, likewise, pointed out that it is the practice in chancery cases such as the one before the court in the instant case, to have decrees drawn by the solicitor, and when approved by the court, to have such decrees entered of record by the clerk; that it is the entry on the record by the clerk that gives it validity, and that a decree is not final merely because it has been announced by the chancellor, or reduced to writing in the court's minutes, but that the matter is completely under control of the chancellor until the final decree has been filed or recorded and may be changed or modified until it has been approved and filed for record (*Hughs v. Washington,* 65 Ill. 245, 249; *Horn v. Horn,* 234 Ill. 268, 274).

We have noted that in a proceeding adjudicated in our Supreme Court, in which the trial court sustained a motion to dismiss a complaint and dismissed the action at the cost of the plaintiff, and that plaintiff had elected to stand by the complaint, it has been determined that such notations, when entered by the trial court, constituted a final and appealable order, for the reason that the order dismissed the suit, assessed costs against the plaintiff, and, apparently, disposed of the

case finally and reserved nothing for the court to do (*Doner v. Phoenix Joint Stock Land Bank*, 381 Ill. 106).

In the case before us, if the court had stopped in the recital referring to a dismissal of the amended complaint at the cost of the plaintiffs, and the rendition of judgment in favor of the defendant, in bar of the action and for costs, the motion to dismiss the appeal would not have been well taken. The fact, however, that the court specifically goes on to say that counsel for both parties are to be notified of the action of the court and are to submit to the judge an order in accordance therewith for approval, and specifically, to the effect that a tentative order has not been approved by the court and will not be approved by the court until counsel for one of the parties has an opportunity to be heard, it cannot be said that the action of the court, under such circumstances, was a final one and disposed of the case so that there was an appealable order which had been entered by the court. Presumably, the matter was still within the control of the court, and despite the previous notations entered on the docket, a final decree entered by the court might have been modified or entirely changed by the court, upon further reflection, if the court was convinced that the equities of the case required it.

In view of the state of the record we must, therefore, conclude that the recitals in the judge's docket, set forth herein, did not constitute a final judgment, from which an appeal could be taken, and that the motion to dismiss the appeal should be granted. This appeal will, accordingly, be dismissed for the reasons stated.

*Appeal dismissed.*